J-A11037-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUANA MARGARITA PABLO OROZCO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOE ANIBAL CUJA TECU | : | No. 2474 EDA 2021 |

Appeal from the Order Entered November 4, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): 2020-003046

BEFORE: BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED SEPTEMBER 12, 2022**

Juana Margarita Pablo Orozco ("Mother") appeals from the order denying her petition seeking the issuance of an order containing specific factual findings regarding her minor child ("B.A.C.P."), necessary to petition the United States Citizenship Immigration Services ("USCIS") for special immigrant juvenile status ("SIJ") for B.A.C.P. We vacate and remand.

Mother currently resides in Delaware County, Pennsylvania with B.A.C.P. B.A.C.P.'s father, Noe Anibal Cuja Tecu, resides in Guatemala, has never been involved in B.A.C.P.'s life, and has not participated in the instant matter. Before moving to the United States to live with Mother, B.A.C.P. lived with other relatives. On April 30, 2020, Mother filed for sole legal and physical custody of B.A.C.P. Almost a year later, in March 2021, the court held a hearing regarding Mother's custody petition. During the hearing,

Mother asked the court to issue findings of fact sufficient to petition USCIS for SIJ status.

The SIJ statute, 8 U.S.C.A. § 1101(a)(27)(J), provides that a juvenile who qualifies as an SIJ may apply for lawful permanent residency and thus relief from deportation. ***Yeboah v. U.S. Dep't of Justice***, 345 F.3d 216, 221 (3d Cir. 2003). Section 1101(a)(27)(J) defines an SIJ as a juvenile:

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law[.]
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence[.]

8 U.S.C.A. § 1101(a)(27)(J).

In order to obtain SIJ status, a petitioner must obtain determinations from both the state and federal systems. First, the juvenile, or someone acting on his or her behalf, must obtain an order from a state court making findings that the juvenile meets certain criteria. The necessary findings are:

> (1) The juvenile is unmarried and under the age of 21;
>
> (2) The juvenile is dependent on the court or has been placed under the custody of an individual appointed by the court or under the custody of an agency;
>
> (3) The juvenile court has jurisdiction under state law to make determinations regarding the custody and care of juveniles;

(4) That reunification with one or both of the juvenile's parents is not possible under state law due to abuse, neglect, or abandonment or a similar basis; and

(5) It is not in the "best interest" of the juvenile to be returned to his parents' previous country of nationality or country of last habitual residence.

*See* 8 C.F.R. § 204.11(a), (c) & (d); 8 U.S.C.A. § 1101(a)(27)(J). Under the federal SIJ scheme, the state court does not render an immigration decision but rather makes factual determinations predicate to USCIS's SIJ determination. *Id*.

Here, the court stated at the hearing that it intended to consider only Mother's custody issue, as stated in her complaint. N.T., 3/19/21, at 26-27. Accordingly, Mother requested the opportunity to amend her complaint to include the specific request for SIJ findings. *Id*. The court stated that it would take the request under advisement and issue an order. *Id*. However, the court never addressed Mother's request for leave to amend and instead, on March 25, 2021, issued only a temporary custody order granting Mother sole legal and physical custody of B.A.C.P. The order did not include the SIJ findings of fact.

Thus, on October 28, 2021, Mother filed a petition entitled "Emergency Application for Issuance of Order," along with a proposed order, requesting that the court issue the findings of fact necessary to apply for SIJ status. Once again, the court refused, in an order docketed on November 4, 2021. Mother filed a motion for reconsideration and a request for an emergency

hearing, both of which the trial court denied. Mother filed the instant timely appeal and both Mother and the court complied with Pa.R.A.P. 1925.

Mother presents the following issues for review:

1. Whether the trial court erred in denying [Mother's] request for an SIJ eligibility order without opinion because it deprived [Mother] and [B.A.C.P.] of a remedy for [B.A.C.P.'s] right to seek SIJ status and violated their right to due process?

2. Whether this Court has jurisdiction to review the trial court's order as a final order under 42 Pa.C.S. § 742 and Pa.R.A.P. 341(a) & (b)(1) because it disposes of all of [Mother's] claims relating to her request for the issuance of an SIJ eligibility order?

3. In the alternative, whether the Superior Court has jurisdiction to review the trial court's order as a collateral order under Pa. R.A.P.313 because the issue of SIJ eligibility is separable from and collateral to the custody proceeding, the right involved is too important to be denied, and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparable lost?

Mother's Br. at 7-8.

We address Mother's second and third issues first because they pertain to the jurisdiction of this Court. The trial court determined, in its Pa.R.A.P. 1925(a) opinion, that the subject order is not ripe for review because it is a temporary order and thus interlocutory. To this end, the court cites ***Kassam v. Kassman***, 811 A.2d 1023, 1027 (Pa.Super. 2002) ("a custody order will be considered final and appealable only if it is both: 1) entered after the court has completed its hearings on the merits; and 2) intended by the court to constitute a complete resolution of the custody claims pending between the parties"). Moreover, the court found that the instant order, which denied

- 4 -

Mother's request for an emergency order or hearing, was not appealable as an interlocutory appeal as of right pursuant to Pa.R.A.P. § 311(a), nor had the court authorized an interlocutory appeal by permission pursuant to Pa.R.A.P. § 312.

This Court issued a Rule to Show Cause, on January 6, 2022, regarding whether the instant appeal should be quashed as interlocutory. Mother responded that the instant order was appealable as of right as a collateral order under Pa.R.A.P. 313(a). Mother contends that the November 4, 2021 order is immediately appealable because her request for the issuance of an SIJ order is separate from and collateral to her custody cause of action, her request is too important to delay review, and her bid for relief, via an SIJ order, will be irreparably lost if review is denied. This Court issued a discharge order, which referred the matter to this Court.

We agree with Mother that the subject order is appealable as of right as a collateral order. As this issue involves a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. ***See Gilbert v. Synagro Cent.***, ***LLC***, 131 A.3d 1, 10 (Pa. 2015); ***Harrell v. Pecynski***, 11 A.3d 1000, 1003 (Pa.Super. 2011); ***In re WilB.A.C.P.***, 879 A.2d 199, 214 (Pa.Super. 2005) (*en banc*) (citations omitted).

An appeal lies only from a final order, unless an exception to this general rule applies. ***K.W. v. S.L.***, 157 A.3d 498, 502 (Pa.Super. 2017). One such exception is the collateral order rule, which is found in Pennsylvania Rule of Appellate Procedure 313. Rule 313 allows an immediate appeal from

an interlocutory order if the order constitutes a collateral order. An order is collateral if it is "separable from and collateral to the main cause of action," "the right involved is too important to be denied review," and "the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

An order is separable from the main cause of action if it is distinct from the underlying issue in the case and if it "can be resolved without an analysis of the merits of the underlying dispute." *In the Interest of J.M.*, 219 A.3d 645, 655 (Pa.Super. 2019) (citation omitted). While courts will "tolerate a degree of interrelatedness between merit issues and the question sought to be raised in the interlocutory appeal, the claim must nevertheless be conceptually distinct from the merits of plaintiff's claim." *Id.* at 656.

The second prong of the doctrine – "the right involved is too important to be denied review" – is satisfied if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." *Commonwealth v. Williams*, 86 A.3d 771, 782 (Pa. 2014). Finally, "irreparable loss" for purposes of the third prong is a loss that is not "fully remediable after final judgment." *Commonwealth v. Blystone*, 119 A.3d 306, 313 (Pa. 2015).

Here, Mother's emergency petition for an SIJ order is separable from Mother's main custody action because we can decide the propriety of the denial of the SIJ motion without delving into the merits of the underlying custody case. *See J.M.*, 219 A.3d at 655. Further, the interest at issue – a

- 6 -

predicate order for B.A.C.P. to apply for SIJ status and seek adjustment of his immigration status – is an "important right" significant enough to outweigh the efficiency interests of the court. **See Williams**, 86 A.3d at 782. Lastly, B.A.C.P.'s ability to obtain appellate relief will be effectively foreclosed if we deny immediate review. Mother candidly informs us that deportation proceedings are pending against B.A.C.P. and she sought the SIJ order so he could obtain relief from deportation. Hence, we conclude that the November 6, 2022 order was immediately appealable as a collateral order.[1]

Next, we turn to Mother's substantive argument regarding the trial court's denial of her petition seeking an SIJ order. Mother takes particular issue with the court's refusal to provide reasoning for its refusal on the record in any capacity, including in its Rule 1925(a) opinion. As such, Mother maintains that she is foreclosed from having any recourse.

We may reverse a decision in an equity matter only for an error of law or abuse of discretion. **Gurecka v. Carroll**, 155 A.3d 1071, 1075 (Pa.Super. 2017) (*en banc*). The findings of fact made by the trial court "will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious." **Id.** (citation omitted). To the extent that this appeal implicates statutory interpretation, our standard of review is *de novo*,

---

[1] Although B.A.C.P. turned 18 years of age in November 2021, this appeal is not moot. The federal SIJ statute affords relief in a proper case until a youth reaches the age of 21. Accordingly, we conclude that issue is not moot and the Delaware County Court of Common Pleas has jurisdiction.

and our scope of review is plenary. *See Bowling v. Office of Open Records*, 75 A.3d 453, 466 (Pa. 2013). We review trial courts' interpretations of statutes for error of law. *Commonwealth v. Lewis*, 180 A.3d 786, 788 (Pa.Super. 2018).

We conclude that the trial court abused its discretion. Mother specifically requested SIJ findings both orally during the March 2019 hearing and in her October 2019 petition. The federal statutory scheme puts the factual determinations necessary for SIJ status solely within the purview of state courts. Yet the court flatly refused to issue the SIJ order. In this posture, the refusal was an abuse of discretion. Accordingly, we vacate the trial court's order and remand for the trial court to enter a new order that shall include factual findings with respect to B.A.C.P. that are predicate to USCIS's SIJ determination under federal law.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2022

- 8 -