J-S03017-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| GERISKA THAMARA RIBEIRO ARRAIS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARCONIO SALES SOUSA | : | No. 2518 EDA 2022 |

Appeal from the Order Entered September 7, 2022
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-04169-CU

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                **FILED AUGUST 1, 2023**

Geriska Thamara Ribeiro Arrais (Mother) appeals from the order denying

her petition for special relief pursuant to Pennsylvania Rule of Civil Procedure

1915.13[1] and its local rule counterpart, Chester County Rule of Civil Procedure

1915.13.A.  In the petition, Mother sought the issuance of an order containing

specific findings of fact regarding her minor son (Child or the Child), which

_____

[1] Rule 1915.13 provides:

> At any time after commencement of the action, the court may on
> application or its own motion grant appropriate interim or special
> relief.  The relief may include, but is not limited to, the award of
> temporary legal or physical custody; the issuance of appropriate
> process directing that a child or a party or person having physical
> custody of a child be brought before the court; and a direction
> that a person post security to appear with the child when directed
> by the court or to comply with any order of the court.

Pa.R.C.P. 1915.13.

would permit Child to apply for special immigrant juvenile status (SIJ) under federal law.  For the following reasons, we vacate and remand.

## I.  Facts & Procedural History

Child was born in December 2009 and lived in Brazil with Mother, until April 2021.  **See** Mother's Complaint For Custody (Custody Complaint), 6/15/22, at 1-2 (unpaginated).  Mother and Child's father, Marconio Sales Sousa (Father),[2] were married and subsequently divorced around 2017 because Father was purportedly physically aggressive towards Mother and Child.  **See** N.T., 8/19/22, at 5-6.  Child indicated he no longer talks to Father.  **Id.** at 11.

In June 2017, Mother and Child moved to the United States, and presently reside in Chester County, Pennsylvania, with Mother's new husband.  **See** Custody Complaint at 2 (unpaginated); **see also** N.T. at 4.

### A.  Custody Complaint

On June 15, 2022, Mother filed a complaint, seeking sole physical and legal custody of Child.  **See** Custody Complaint at 1 (unpaginated).[3]  That

---

[2] Father is "a foreign national residing in Brazil."  **See** Trial Ct. Op., 10/31/22, at 2 n.1.

[3] In the complaint, Mother alleged, in relevant part:

> 12. Reunification with Father is not viable because Father is not willing to support and provide for Child.  Father has abandoned and neglected the Child.

*(Footnote Continued Next Page)*

same day, Mother also filed a petition for special relief, alleging: (1) Child was under the age of 18 and unmarried; (2) Child had resided with Mother for the past 12 years; (3) Father is in Brazil and no longer involved in Child's life; (4) Mother is Child's sole parental figure, and provides for all of his needs and wants; and (5) Child is eligible for SIJ status, as set forth in the Immigration and Nationality Act (INA) at 8 U.S.C. § 1101(a)(27)(J). ***See*** Mother's Petition for Special Relief Pursuant to Pa.R.C.P. 1915.13 and C.C.R.C.P. 1915.13.A (Mother's Petition for Special Relief), 6/15/22, at 1-2 (unpaginated). Mother indicated she was "seeking special relief in the form of a [c]ourt [o]rder that enumerates the aforesaid additional findings of fact and grants her sole legal and physical custody of . . . Child." ***Id.*** at 2.

### B. Federal Law — SIJ Statute & Classification

At this juncture, it is necessary to set forth the applicable federal law at issue. "The SIJ statute, 8 U.S.C. § 1101(a)(27)(J), provides that a juvenile who qualifies as an SIJ may apply for lawful permanent residency and thus

---

13. The best interest and permanent welfare of the Child will be served by granting the relief requested because the Child will be in a safe and loving environment. [Mother] provides the Child safety, protection and physical, mental and moral welfare. In addition, it is not the Child's best interest to return to Brazil because there is no appropriate relative who can provide adequate care or supervision.

Custody Complaint at 3 (unpaginated).

- 3 -

relief from deportation." ***Orozco v. Tecu***, 284 A.3d 474, 476 (Pa. Super. 2022) (citation omitted). Section 1101(a)(27)(J) defines an SIJ as a juvenile:

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law[.]
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence[.]

8 U.S.C. § 1101(a)(27)(J).[4]

"In order to obtain SIJ status, a petitioner must obtain determinations from both the state and federal systems." ***Orozco***, 284 A.3d at 476. Under 8 C.F.R. § 204.11, SIJ classification requires the following, in pertinent part:

> **(b)** Eligibility. A petitioner is eligible for classification as a special immigrant juvenile under section 203(b)(4) of the Act as

_____

[4] The statute was ratified for the following reasons:

> The SIJ provisions of the INA were enacted in 1990 to protect abused, neglected, or abandoned children who, with their families, illegally entered the United States. Congress provided an alternative to deportation for these children. Rather than being deported along with abusive or neglectful parents, or deported to parents who had abandoned them once in the United States, such children may seek special status to remain in the United States.

***Yeboah v. United States DOJ***, 345 F.3d 216, 221 (3d Cir. 2003). "Although not binding on us, we may cite federal authority for its persuasive value." ***Toppy v. Passage Bio, Inc.***, 285 A.3d 672, 690 n.7 (Pa. Super. 2022).

described at section 1[1]01(a)(27)(J) of the Act, if they meet all of the following requirements:

**(1)** Is **under 21 years of age** at the time of filing the petition;

**(2)** Is **unmarried** at the time of filing and adjudication;

**(3)** Is **physically present** in the United States;

**(4)** Is the **subject of a juvenile court order(s) that meets the requirements under paragraph (c)** of this section; and

**(5)** Obtains consent from the Secretary of Homeland Security to classification as a special immigrant juvenile. For [United States Citizenship Immigration Services (USCIS)] to consent, the request for SIJ classification must be bona fide, which requires the petitioner to establish that a primary reason the required juvenile court determinations were sought was to obtain relief from parental abuse, neglect, abandonment, or a similar basis under State law. . . .

**(c)** Juvenile court order(s).

**(1) Court-ordered dependency or custody and parental reunification determination**. The juvenile court must have **made certain judicial determinations related to the petitioner's custody or dependency and determined that the petitioner cannot reunify with their parent(s) due to abuse, neglect, abandonment**, or a similar basis under State law.

**(i)** The juvenile court must have made at least one of the following judicial determinations related to the petitioner's custodial placement or dependency in accordance with State law governing such determinations:

**(A)** Declared the petitioner dependent upon the juvenile court; or

**(B)** Legally committed to or placed the petitioner under the custody of an agency or department of a State, or an individual or entity appointed by a State or juvenile court.

**(ii)** The juvenile court must have made a judicial determination that parental reunification with one or both parents is not viable due to abuse, abandonment, neglect, or a similar basis under State law. The court is not required to terminate parental rights to determine that parental reunification is not viable.

**(2)** Best interest determination.

**(i)** A determination must be made in judicial or administrative proceedings by a court or agency recognized by the juvenile court and authorized by law to make such decisions that **it would not be in the petitioner's best interest to be returned to the petitioner's or their parent's country of nationality or last habitual residence**.

**(ii)** Nothing in this part should be construed as altering the standards for best interest determinations that juvenile court judges routinely apply under relevant State law.

**(3)** Qualifying juvenile court order(s).

**(i)** The juvenile court must have exercised its authority over the petitioner as a juvenile and made the requisite judicial determinations in this paragraph under applicable State law to establish eligibility. . . .

8 C.F.R. § 204.11(b)-(c) (emphases added). "Under the federal SIJ scheme, the state court does not render an immigration decision but rather makes factual determinations predicate to [United States Citizenship Immigration Services'] SIJ determination." *Orozco*, 284 A.3d at 477 (citation omitted).

- 6 -

### C. Custody Hearing

On August 19, 2022, the trial court held a hearing but did not comment as to whether it would hear both the custody issue and the petition for special relief, or just the custody issue. **See** N.T. at 3. Mother and Child were both present. **Id.** at 4, 11. Father did not appear in person or remotely.[5] Mother's counsel requested the court consider both the custody and petition for special relief issues. **See id.** at 3. Both Mother and Child testified. **See id.** at 4-12. The court did not enter a decision that day but took the matter under advisement. **Id.** at 13.

### D. Trial Court Orders

On September 7, 2022, the trial court entered two separate orders. In the first order, the court awarded Mother sole legal and physical custody of Child. The trial court also stated: "This court is **not sitting as a dependency or juvenile court**, as those terms are defined by Pennsylvania law. The court **decided this custody matter** after consideration of the factors set forth in 23 Pa.C.S. § 5328." **See** Order, 9/7/22, at 1 n.1 (unpaginated; emphases added). The court attached a memorandum in support of its custody order, with a complete analysis of the 16 custody factors set forth in Section 5328(a).

---

[5] Counsel for Mother offered into evidence a "declaration" and "acceptance of service" submitted by Father. N.T. at 3. In the document, Father was in agreement that Mother should take sole physical and legal custody of Child. **See id.** at Exhibit P-1, "Declaration and Acceptance of Service," 6/27/22, at 1 (unpaginated).

*See* Memorandum in Support of Custody Order, 9/7/22, at 1-5. The court opined that after considering the Section 5328(a) factors, it gave "significant weight to the stability of [Child]'s life provided by Mother, as well as the educational opportunities afforded to him." *Id.* at 5. It further relied on "the lack of opposition to the proposed custody, as expressed by Father," to determine it was "in the best interests" of Child to grant Mother legal and physical custody. *Id.*

As for the second order, the court denied Mother's petition for special relief and her request for specific findings of fact. The court filed a separate decision, also dated September 7, 2022, regarding the petition for special relief. The court noted:

> Mother testified that Father was 'physical' with [Child] and that she was required to obtain a restraining order against Father in Brazil because of the abuse and his threat to kill her. [Child] has lived with Mother since 2017 and she provides him with his daily needs, including education opportunities. Mother also testified that it would be safer for [Child] to remain in her custody. . . .

Decision, 9/7/22, at 2.

In denying relief, the court stated: "There is no provision in our statutes or rules that address special relief for this purpose or permit a departure from the requirement that the factors set forth in [Section] 5328(a) be addressed by the court." Decision at 3. Additionally, the court found the petition was defective for two reasons: (1) special relief is limited to temporary orders affecting custody; and (2) there is no emergency or other circumstance present, which warrants special relief in this case, since Mother did not seek

- 8 -

a protection from abuse order on behalf of Child. *Id.* The court also determined: "There is no evidence of record that [Child] faces an imminent threat nor that such issues will not be addressed by a final custody order. The *status quo* in this instance favors Mother and there is no evidence of record that [Child] would be put at risk or that there would be a change in circumstance in the absence of special relief." *Id.*

In addressing Mother's request for special findings, the trial court opined:

> This court has no jurisdiction over immigration matters, which are the province of the federal government. However, the federal government has thrust upon state court the responsibility to make findings of fact and issue an order in dependency and custodial matters, which, under certain circumstances, may allow an individual to be eligible for [SIJ status]. This is not such a case.

Decision at 4.

The trial court then reviewed state and federal law, as well as the USCIS Policy Manual,[6] regarding what type of court may assess a SIJ classification and found the following:

> The matter before the court is a custody case. The court is not sitting as a juvenile court as defined by federal law. USCIS POLICY MANUAL VOL. 6, PART J, CHAP. 2(C) (2022) (eligibility requirements); Pa.R.J.C.P. 120[ ] (defining the term "juvenile"). There is no dependency matter before the court regarding [Child], and even if there were, the record is clear beyond question that he has parental care and control provided by his Mother. There is no evidentiary record upon which [Child] could be found dependent. *Matters of C.R.S.*, 696 A.2d 840 (Pa. Super. 1997).

---

[6] *See* Decision at 5-6.

- 9 -

[Child] is also not a juvenile as defined by Pennsylvania law. Pa.R.J.C.P. 120.

Mother seeks to have this court issue its custody order using language specific to dependency and juvenile court proceedings. It appears that if the court were to sign such an order it could then be used to induce a federal agency or court, reviewing [Child]'s application for [SIJ status], to rely on that order in concluding that the statutory requirements of [Section] 1101(a)(27)(J) and accompanying regulations have been met when that is not the case. This court will not grant relief that may create the temptation to misuse its order in such manner.

Decision at 6-7.

### E. Appeal & Trial Court Opinion

On October 6, 2022, Mother filed a notice of appeal from the trial court's order denying her petition for special relief,[7] and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[8] The trial court issued a Pa.R.A.P. 1925(a) opinion on October 31, 2022.

---

[7] Mother did not file an appeal regarding the court's custody order.

[8] In the concise statement, Mother raised the following claims:

1. The [trial c]ourt abused its discretion and violated due process of the law as guaranteed by the Fifth Amendment by denying [Mother]'s request for special relief and specific findings of fact. The [c]ourt erred in finding that "there is no provision in our statutes or rules that address special relief for this purpose or permit a departure from the requirement that the factors set forth in [Section] 5328(a) be addressed by the court." *See* Court's Decision, p. 3. In direct contrast, Explanatory Comment to Rule 1915.13 states that the Rule "contains a broad provision empowering the court to provide special relief where appropriate."

*(Footnote Continued Next Page)*

In its Rule 1925(a) opinion, the trial court suggested that this Court quash Mother's appeal "for want of jurisdiction based on the failure to appeal the final [c]ustody [o]rder in this matter." Trial Ct. Op. at 2. The court first

2. The [c]ourt erred and abused its discretion in finding that the law "does not permit" the custody court to grant a final custody order as a special form of relief. **See** Court's Decision, p. 3.

3. The [c]ourt erred and abused its discretion in finding that the only time it may enter a special order for relief is when an "emergency circumstance" is present. **See** Court's Decision, p. 3.

4. The [c]ourt erred and abused its discretion by adopting the narrow definition of "juvenile" as set forth under the Pennsylvania Rules of Juvenile Court Procedure in [its] analysis. This is a custody matter, not a delinquency matter. **See** Court's Decision, p. 5-6.

5. The [c]ourt erred in finding that it is not a "juvenile court" for the purposes of SIJS classification. **See** Court's Decision, p. 6.

6. The [c]ourt erred and abused its discretion in denying [Mother]'s special request for relief and specific findings when it had proper jurisdiction to do so.

7. The [c]ourt egregiously misapplied and misinterpreted both Pennsylvania state law and SIJS federal law.

8. The [c]ourt violated [Mother]'s right to Due Process because it deprived [her] and her minor child of a remedy for the minor's right to seek SIJ status.

9. [Mother] reserves the right to supplement and/or amend this Statement of Errors, pursuant to Rule 1925(b)(2) and Pa.R.A.P. 902, as the hearing transcript has not been received to date.

Mother's Concise Statement of Errors Complaint of on Appeal, 10/6/22, a 1-3 (unpaginated; footnote omitted).

focused on the nature of the petition for special relief, stating that the "objective of special relief is to allow for temporary modification of custody or visitation[.]" *Id.* at 3 (citation omitted). The court pointed out that it "chose to forego a temporary interim step and issued a final [c]ustody [o]rder on the same day it denied [Mother]'s Petition[, and that t]he [c]ustody [o]rder resolved more permanently the question of with whom the Child should remain." *Id.* (citations omitted). The court opined it was the custody order that "decided all the issues of law and fact" and therefore, "[i]t was the [c]ustody [o]rder [Mother] was required to appeal, but she did not file a timely appeal." *Id.* at 3-4.[9]

Next, the trial court determined "there was no basis for the grant of the special relief requested[.]" Trial Ct. Op. at 6. The court stated the "custody factor analysis provided the trial court with ample opportunity to address allegations of abuse, neglect, or abandonment, provided there was enough credible evidence, of sufficient weight to support such claims, but that was not the case." *Id.* The court then determined that SIJ status was not the proper subject for special relief, stating it "was unable to find a single statutory or procedural rule in the Commonwealth related to obtaining [SIJ status] related relief in this context[.]" *Id.* at 7 (footnote omitted). The court noted

---

[9] Relatedly, the trial court found Mother lacked standing to appeal the custody order because she received the relief she requested in her complaint, and therefore, was the prevailing party. *See* Trial Ct. Op. at 5-6.

that pursuant to 8 C.F.R. § 204.11(b)(5), a petitioner is required to establish that the primary reason for the state juvenile court determination is "to obtain relief from parental abuse, neglect, abandonment, or a similar basis under State law." *Id.* at 7 (citation omitted). The court surmised that based on her counsel's statements at the August 19, 2022, proceeding, Mother's purpose for the petition "was not primarily for the purpose of obtaining relief from parental abuse, neglect, abandonment, but solely for purposes of obtaining" SIJ status. *Id.* The court opined "it was not willing to engage in such subterfuge by issuing an order leading the federal government or a court to believe anything to the contrary." *Id.* at 7-8.

The court further found Mother's request for special relief was "defective" as there "there was no allegation by [Mother] that there was an emergency or apparent urgent need for court action to preserve the well-being of Child." Trial Ct. Op. at 8. Moreover, the court stated that "*status quo . . .* favors" Mother, and "there is no evidence of record that Child would be put at risk or that there would be a change in circumstance in the absence of special relief." *Id.*

Third, the trial court determined there was insufficient credible evidence to support Mother's petition for special relief and specific findings of fact. *See* Trial Ct. Op. at 9. The court stated it "observed the witnesses' demeanor during their testimony, considered their significant interest in having Child qualify for [SIJ status], and found neither witness sufficiently credible nor the

evidence of sufficient weight to support the requested findings." *Id.* The court further found: (1) no evidence Child had been abused by Father where Mother "provided vague testimony about Father being 'aggressive with [Child] physically[;]'" (2) no credible evidence of sufficient weight that Father had abandoned Child where Child "merely stated that he does not talk to Father[;]" and (3) no credible evidence that it would be dangerous for Child to return to Brazil to live with Father *Id.* at 9. Moreover, the court stated it was "unconvinced that Child could not return to Brazil because of 'the financial situation'" where Mother "did not explain that situation, but to the extent Child might return to live in poverty, that is not a basis to find child abuse or an unsafe environment." *Id.* at 10 (citation & quotation marks omitted).

Lastly, the court addressed the issues identified in Mother's concise statement. *See* Trial Ct. Op. at 10-16.

## II. Statement of Questions Involved

Mother presents the following three issues on appeal:

1. Whether the trial court erred in denying [Mother]'s request for an SIJ eligibility order because it deprived [her] and [Child] of a remedy for [Child]'s right to seek SIJ status and violated their right to due process?

2. Whether [the Superior] Court has jurisdiction to review the trial court's order as a final order under 42 Pa.C.S. § 742 and Pa.R.A.P. 341(a) & (b)(1) because it disposes of all of [Mother]'s claims relating to her request for the issuance of an SIJ eligibility order?

3. In the alternative, whether the Superior Court has jurisdiction to review the trial court's order as a collateral order under Pa.R.A.P. 313 because the issue of SIJ eligibility is separable from and collateral to the custody proceeding, the right involved is too

- 14 -

important to be denied, and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparabl[y] lost?

Mother's Brief at 7-8.

Based on the nature of Mother's arguments, we will address her second and third issues first because they pertain to the jurisdiction of this Court.

## I. Jurisdiction & Appealability

"[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (citation omitted). We note because questions concerning the appealability of an order go to jurisdiction, they may be raised *sua sponte* by this Court. **Capuano v. Capuano**, 823 A.2d 995, 998 (Pa. Super. 2003). "Jurisdiction is purely a question of law; the appellate standard of review is *de novo*, and the scope of review plenary." **Kapcsos v. Benshoff**, 194 A.3d 139, 141 (Pa. Super. 2018) (*en banc*) (citation omitted). Generally, "[f]or an order to be appealable, it must be (1) a final order, Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, 42 Pa.C.S. § 702(a)-(b); Pa.R.A.P. 311-312; or (3) a collateral order, Pa.R.A.P. 313." **Ashdale v. Guidi Homes, Inc.**, 248 A.3d 521, 525 (Pa. Super. 2021).

Pursuant to the Pennsylvania Rules of Appellate Procedure, "a final order is one that disposes of all claims and of all parties or is entered as a final order pursuant to Pa.R.A.P. 341(c)." **Situs Props., Inc. v. Jenkins Court Realty Co., LP**, 259 A.3d 993, 997 (Pa. Super. 2021) (citation & footnote omitted).

A collateral order is an order [(1)] separable from and collateral to the main cause of action [(2)] where the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313(b). If an order satisfies the three-pronged test set forth in Rule 313(b), this Court may exercise appellate jurisdiction over the order, even though it is not final.

The collateral-order rule is a specialized, practical application of the general rule that only final orders are appealable as of right. As such, this Court must stringently apply the requirements of the collateral-order doctrine. If an order does not meet all three prongs of the collateral-order test, this Court has no jurisdiction to consider an appeal from that order.

*Smith v. O'Brien*, ___ A.3d ___, ___, 2023 WL 309009, at *2 (Pa. Super. Jan. 19, 2023) (quotation marks & some citations omitted).

Here, Mother complains that in accordance with this Court's recent decision in *Orozco*, *supra*, she "has a right to seek an SIJ eligibility order in the context of a custody proceeding." Mother's Brief at 12. She further asserts the trial court's September 7, 2022, order qualifies as either a final order or a collateral order. *See* Mother's Brief at 17. She states: "[T]he order constitutes a final order . . . because it disposes of all of [her] claims relating to [her] request for the issuance of an order to establish [Child]'s eligibility for [SIJ] status pursuant to 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11." *Id.*

In the alternative, Mother argues this Court has jurisdiction over the matter pursuant to Pa.R.A.P. 313 because the September 7, 2022, order constitutes a collateral order. *See* Mother's Brief at 18. She states: (1) the

order "relates to a claim that is conceptually distinct from the merits of the main cause of action" because she is not seeking a modification of the custody order but rather requesting relief "in the form of issuance of the findings of fact required under [Section] 5323(d), solely for the purpose of establishing [Child]'s eligibility for SIJ status before USCIS[;]" (2) the case involves a right that is too important to be denied review because it "will enable [Child] to avoid deportation from the United States" as Child "is seeking relief from removal in the form of [an] adjustment of status based, prospectively, on an approved [p]etition for SIJ status[;]" and (3) Mother's right to pursue SIJ status for Child "will be lost forever if the requested relief is not granted." ***Id.*** at 20-23.

With respect to this question, we are guided by this Court's decision in ***Orozco***, ***supra***.[10] In ***Orozco***, the appellant filed a petition seeking the

_____

[10] We note that ***Orozco*** was decided after the trial court entered its September 7, 2022, order, but before it issued its Rule 1925(a) opinion. "[I]t is well settled that Pennsylvania appellate courts apply the law in effect at the time of the appellate decision. This means that we adhere to the principle that a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***In re Adoption of A.M.W.***, 289 A.3d 109, 115 n.6 (Pa. Super. 2023) (*en banc*) (citation and quotation marks omitted). Moreover, we note that one three-judge panel of this Court cannot overrule another. ***See Commonwealth v. Taggart***, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010); ***see also Commonwealth v. Taylor,*** 649 A.2d 453, 455 (Pa. Super. 1994).

As will be discussed ***infra***, the trial court discussed ***Orozco*** in its Rule 1925(a) opinion but found that it was distinguishable. ***See*** Trial Ct. Op. at 6 n.4, 7 n.5, & 14-16.

issuance of an order containing specific factual findings regarding her minor child that were necessary to petition the USCIS for SIJ status as to the child. *Orozco*, 284 A.3d at 476. The appellant resided in Delaware County while the child's father resided in Guatemala. *Id.* The father was not involved in the child's life and did not participate in the proceeding at issue. *Id.* "Before moving to the United States to live with [the appellant, the child] lived with other relatives." *Id.* In April 2020, the appellant filed a complaint for sole physical and legal custody of the child. *Id.* In March 2021, the trial court held a hearing on the matter, at which time, the appellant "asked the court to issue findings of fact sufficient to petition USCIS for SIJ status." *Id.* The court stated that it would only consider the appellant's custody issue. *Id.* at 477. The appellant then requested the opportunity to amend her complaint to include the SIJ findings request, to which the court indicated that it would take the request "under advisement and issue an order. However, the court never addressed [the appellant]'s request for leave to amend and instead . . . issued only a temporary custody order granting [her] sole legal and physical custody of [the child]. The order did not include the SIJ findings of fact." *Id.* The appellant then filed an emergency application, "requesting that the court issue the findings of fact necessary to apply for SIJ status." *Id.* The court again declined her request and an appeal subsequently followed. *Id.*

The trial court found the order at issue was "not ripe for review because it is a temporary order and thus interlocutory." *Orozco*, 284 A.3d at 477. A

- 18 -

panel of this Court disagreed, determining "the subject order is appealable as of right as a collateral order." *Id.* at 478. This Court analyzed the three prongs of the collateral order doctrine, and determined:

> [The appellant]'s emergency petition for an SIJ order is separable from [her] main custody action because we can decide the propriety of the denial of the SIJ motion without delving into the merits of the underlying custody case. Further, the interest at issue — a predicate order for [the child] to apply for SIJ status and seek adjustment of his immigration status — is an "important right" significant enough to outweigh the efficiency interests of the court. Lastly, [the child]'s ability to obtain appellate relief will be effectively foreclosed if we deny immediate review. [The appellant] candidly informs us that deportation proceedings are pending against [the child] and she sought the SIJ order so he could obtain relief from deportation. Hence, we conclude that the . . . order **was immediately appealable as a collateral order**.

*Id.* at 478-79 (citations & footnote omitted; emphasis added). Additionally, this Court concluded that the trial court "abused its discretion" when it declined to provide reasoning for its refusal on the record in any capacity, stating: "The federal statutory scheme puts the factual determinations necessary for SIJ status solely within the purview of state courts. Yet the court flatly refused to issue the SIJ order. In this posture, the refusal was an abuse of discretion." *Id.* at 479.

Turning to the present matter, it is evident that *Orozco* is factually and procedurally substantially similar to this present matter — both mothers filed a custody action while also seeking the issuance of an order containing specific factual findings regarding SIJ status for a minor child. Both trial courts held a hearing on the custody issue, but failed to address the merits of the SIJ

status requests and denied relief. Moreover, like the appellant in *Orozco*, Mother contends that the court's September 7, 2022, order qualifies as a collateral order because: (1) it is separate from the custody action; (2) it involves a right that is too important to be denied review since deportation proceedings are pending against Child; and (3) her right to pursue SIJ status for Child will be lost forever if the relief is not granted. *See* Mother's Brief at 18-23. Accordingly, we disagree with the court's suggestion that this appeal should be quashed for lack of jurisdiction. Rather, this case is controlled by *Orozco*, and the court's September 7, 2022, order qualifies as a collateral order that is immediately appealable.[11]

We now turn to Mother's substantive argument regarding the court's denial of her petition seeking an SIJ order. She contends "there was nothing improper with [her] request for the issuance of an SIJ eligibility order" because "such a request can only be made within the context of a custody, guardianship or dependency proceeding." Mother's Brief at 14. Mother states that "8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11 grant state juvenile courts exclusive jurisdiction to make certain findings relating to SIJ eligibility." Mother's Brief at 14. Moreover, she maintains the following:

> Federal law requires the issuance of an SIJ eligibility order by a state juvenile court as a prerequisite to pursuing SIJ status before USCIS. By necessity, SIJ eligibility must be determined in a state

---

[11] Consequently, we need not reach the question of whether the order at issue constitutes a final order.

custody, guardianship, or dependency proceeding, applying state law. [Mother]'s request for an SIJ eligibility order was proper and appropriate in the context of the custody proceeding and the denial of such relief violated Appellant's fundamental right to due process.

*Id.* at 15-16.

We may reverse a decision in an equity matter only for an error of law or abuse of discretion. The findings of fact made by the trial court will not be disturbed unless they are unsupported by competent evidence or are demonstrably capricious. To the extent that this appeal implicates statutory interpretation, our standard of review is *de novo*, and our scope of review is plenary. We review trial courts' interpretations of statutes for error of law.

*Orozco*, 284 A.3d at 479 (citations & quotation marks omitted).

We note, at the outset, that the trial court was disinclined to consider Mother's petition based on several procedural nuances of the case, which it set forth in its September 7, 2022, Decision and then subsequently relied on in its Rule 1925(a) opinion — particularly, (1) the fact that it was not a juvenile or dependency court,[12] and (2) the fact that Mother filed a petition for special relief, which it construed as not the proper vehicle for seeking this specific relief.[13] We disagree with these conclusions for several reasons.

First, the trial court in *Orozco* was not a juvenile or dependency court, and there is no indication that the minor child was declared dependent upon the court or legally committed to an agency/department of the

---

[12] *See* Decision at 4-6; Trial Ct. Op. at 11-12.

[13] *See* Decision at 3; Trial Ct. Op. at 7-9.

Commonwealth. Nevertheless, this Court still found that the lower court erred by refusing to address the petition. *See Orozco*, 284 A.3d at 478-79. It merits mention that the language of 8 C.F.R. § 204.11(c) refers to all three terms — juvenile, dependency, and custody. We note the federal statute's language is intended to be all-encompassing, covering the 50 states as well as the District of Columbia. The purpose of the law is to address issues of abuse, abandonment, and neglect. *See Yeboah*, 345 F.3d at 221. Accordingly, we cannot conclude Section 204.11 would restrict the SIJ classification to only a juvenile court having administrative power. We point out that in this Commonwealth, a court of common pleas is the proper judicial body to review allegations of child abuse, and specifically, an orphans' court has the most fitting jurisprudence. Accordingly, the rationale of the trial court in the present matter is erroneous.

Second, we note that while Mother may have filed her request as a petition for special relief which may not have been the most appropriate practice, the title of the document should not control where the substance of the relief requested is clear — particularly where a child is the subject of the underlying matter. Where there are allegations of abuse, neglect, or abandonment regarding a child, a reviewing court should excuse the misnomer and address the merits set forth in the filing.

Next, we point out that in its Rule 1925(a) opinion, the trial court opined that *Orozco* is distinguishable from the case *sub judice* because, in *Orozco*,

this Court "addressed [SIJ status] findings in the context of the lower court's failure to provide a rationale for its declining to make such findings[, which is] not the case in the present matter." Trial Ct. Op. at 7 n.5; *see also id.* at 15. Then, contrary to its statements in the September 7th Decision, the trial court decided to address the SIJ status issue in its opinion, determining there was insufficient credible evidence to support Mother's requested relief and specific findings. *See* Trial Ct. Op. at 15-16. The court analyzed the issue, relying on the testimony of Mother and Child to find no evidence of abuse and abandonment. *Id.* The court stated:

> In the present matter, [it] provided [Mother] with a meaningful opportunity to present her entire case, has now discussed the reasons for its denial [o]rder, and is addressing the alleged errors set forth by [Mother] as permitted by Rule 1925(a). Finally, the trial court *may* make findings that would permit a litigant primarily seeking relief from abuse or neglect to apply for [SIJ status], if the evidence supports such findings. There is no legal requirement that a trial court make such findings, especially where, as here, the evidence does not warrant it. Neither *Orozco* nor federal law requires a court to turn a blind eye to the evidence of record in order to make findings that would support an [SIJ status] application.

*Id.* at 15-16 (italics in original; citation omitted).

We find that the trial court's analysis is misplaced. As evidenced by the court's statements in its September 7th Decision, it is clear the trial court did not believe it was the proper judicial body to review the matter, nor did it believe Child could be considered dependent and a juvenile under Pennsylvania law. *See* Decision at 5-7. Thus, when it issued its September 7th orders, it was only looking at that testimony through the lens of the

custody complaint at the time it entered the order awarding Mother legal and physical custody of Child.  **See** Memorandum in Support of Custody Order at 1-5.  Mother was not provided with the opportunity to make the case concerning allegations of abuse, neglect, and abandonment in the context of an SIJ classification.  Now, in its Rule 1925(a) opinion, the court is trying to apply a different lens to the same testimony and address the SIJ status issue.

The court's actions amounted to an abuse of discretion.  A reasonable person would not agree that Mother was given a full opportunity to present her case regarding Child's SIJ status.  Moreover, based on the inadequate testimony, the court cannot retroactively make specific findings as to the SIJ determination.[14]  As such, we disagree with the court's determination that there was insufficient credible evidence to support Mother's requested relief and specific findings.  **See** Trial Ct. Op. at 9-10.  We conclude the court abused its discretion in refusing to address Mother's petition for special relief.  Accordingly, we vacate the trial court's order and remand for a new hearing to address factual findings with respect to Child that are predicate to the SIJ

_____

[14] We recognize there was testimony as to the purported abuse and lack of involvement regarding Father.  **See** N.T. at 6-8, 11.  However, this testimony was asked in the context of the custody issue, not an SIJ determination.

status determination regarding evidence of abuse, abandonment, or neglect.[15]

*See Orozco*, 284 A.3d at 479.[16]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

---

[15] It merits mention that this trial court held a proceeding on the same day as the present case in a similar, but unrelated, matter that involved a grandmother appellant and child seeking SIJ status special findings. *See Rivas v. Villegas/Landaverde*, __ A.3d __, 2517 EDA 2022 (Pa. Super. 2023). It also denied relief on the same bases as the case *sub judice*, finding: (1) the grandmother should have appealed the custody order and not the denial of the petition for special relief; (2) there was no basis for granting special relief; (3) the request for special relief was defective; and (4) in any event, there was insufficient credible evidence to support the petition for special relief. *See id.* Notably, like Mother and Child here, the court found neither the grandmother nor the child credible. *Id.* On appeal, the grandmother raised identical issues to the present appeal.

Like herein, this writer authored the Majority Opinion in *Rivas*, reversing the trial court's decision in light of *Orozco*.

[16] We take this moment to acknowledge that the law in this area has not been fully developed. While the statute was enacted in 1990, its interpretation and application in this Commonwealth has been limited until very recently. *See Orozco*; *see also Velasquez v. Miranda*, ____ A.3d ____, 2023 WL 4069151 (Pa. Super. June 20, 2023).

Moreover, the statute creates a unique procedural caveat where the ultimate determination is of the federal immigration nature, but preliminary factual determinations are made by state courts. *See Orozco*, 284 A.3d at 477 (citation omitted). Since the statute's enactment, no settled interpretation or application of the SIJ statute has been developed among the states, and there is no unified body of law for considering what evidence will be sufficient to support SIJ findings. As such, the courts of this Commonwealth may face confusion and produce inconsistent results in future proceedings as we see this type of case occurring often in the future. Consequently, we note that further guidance from the Pennsylvania Supreme Court and General Assembly may help to clarify those problems that will continue to challenge our orphans', juvenile, and family courts.

Judge Bowes joins the memorandum.

Judge Sullivan files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2023