2025 PA Super 4

| | | |
|---|---|---|
| LOBOS MANAGEMENT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BARBARA POWELL | : | No. 247 WDA 2024 |

Appeal from the Order Entered January 26, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): LT-24-00050

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

OPINION BY McLAUGHLIN, J.:                    **FILED: January 10, 2025**

Lobos Management ("Landlord") appeals from the order granting Barbara Powell ("Tenant") leave to file a late appeal. We reverse.

Landlord filed an action for possession against Tenant for the non-payment of rent on her residential lease. Tenant filed a counterclaim. The magisterial district judge ("MDJ") entered judgment in favor of Landlord for unpaid rent of $5,135.85 and for possession, on December 12, 2023. The Notice of Judgment states, "Any party has the right to appeal within 30 days after the entry of judgment by filing a notice of appeal with the prothonotary/clerk of [C]ourt of [C]ommon [P]leas, civil division." Notice of Judgment, 12/12/23, at 2.

35 days after the MDJ entered judgment, on January 16, 2024, Tenant filed in the Court of Common Pleas a Motion to File Late Appeal. Tenant's

motion stated, "Reason for the late appeal is for being money restrained from Lobos Management to get to court. I was flooded out my resident [sic]. Lobos has made this a terrible crisis." Motion to File Late Appeal, 1/16/24, at 3 (unpaginated).[1]

The court scheduled a hearing by teleconference and stayed Tenant's eviction pending the hearing. **See** Notice of Presentation, 1/16/24, at 1; Order of Court, 1/17/24, at 1. The teleconference was not transcribed.

After the hearing, the court entered an order granting Tenant's motion to file a late appeal on the basis that she had "demonstrated good cause." **See** Order of Court, 1/26/24, at 1. The order imposed a new deadline for Tenant to file an appeal. It also scheduled a date for eviction if Tenant failed to obtain a supersedeas. **See** Pa.R.Civ.P.M.D.J. 1008.

Landlord moved for reconsideration arguing that the MDJ had "accurately explained [to Tenant her] right to appeal and the time deadlines." Motion for Reconsideration, 2/1/24, at ¶ 7. It asserted that the deadline to file an appeal was 10 days from the MDJ's entry of judgment and that Tenant had not alleged that her untimely filing was the result of administrative error, fraud, or the negligence of the court. **Id.** at ¶ 5. Rather, according to Landlord, Tenant had stated at the hearing that her "only reason for filing late was that

_____

[1] Landlord asserts Tenant filed her motion on the date scheduled for her eviction. **See** Pa.R.Civ.P.M.D.J. 515B(1) (allowing landlord to request an order for possession 10 days after the entry of judgment), 516 (providing for order of possession), 517(1) (providing for eviction 15 days after notice of order for possession). The order for possession is not in the certified record.

she was confused about the time period being ten, twenty or thirty days, but acknowledged that she received the judgment with the instructions on filing her appeal." *Id.* at ¶ 11. It also alleged the court "improperly allowed a non-lawyer family member to represent [Tenant] during the hearing, which is impermissible and the unlawful practice of law." *Id.* at ¶ 14. Landlord further asserted, "The [c]ourt acknowledged that [Tenant] did not have a legal basis for her appeal being late, but granted the appeal on the basis that 'there appears to be something here,' which is not the type of extraordinary circumstances warranting late appeal." *Id.* at ¶ 15.

The court did not rule on Landlord's motion for reconsideration. Landlord appealed.

Landlord raises the following issues:

I. Whether the trial court abused its discretion in granting the tenant's late appeal when the tenant failed to establish "good cause" for why her appeal was filed 35 days after the magistrate's entry of judgment.

II. Whether the trial court erred when it permitted a non-attorney to represent the defendant-tenant during a teleconference hearing and argue irrelevant matters.

Landlord's Br. at 2.

Landlord argues that the Court of Common Pleas improperly granted Tenant leave to file an untimely appeal from the MDJ's entry of judgment. *Id.* at 8. It notes that under the MDJ civil rules, the prothonotary may not accept an appeal from the MDJ's judgment after the 10-day deadline without good cause shown. *See id.* at 6, 8 (citing Pa.R.Civ.P.M.D.J. 1002.B(1)). Landlord

- 3 -

acknowledges that the court may grant a *nunc pro tunc* appeal in the case of fraud or a breakdown in court processes. **Id.** at 9-10 (citing **Power v. Tomarchio**, 701 A.2d 1371, 1375 (Pa.Super. 1997)). Landlord argues that Tenant's claims that she was "money restrained" and confused about the deadline are not sufficient to grant a *nunc pro tunc* appeal. Landlord relatedly argues that the court was not permitted to consider any argument lodged by Tenant's family member during the hearing. Tenant has not filed a brief in this Court.

Before we reach the merits of these issues, we must decide whether the order on appeal is appealable, as this affects our jurisdiction. **Orozco v. Tecu**, 284 A.3d 474, 477 (Pa.Super. 2022). Landlord contends that the appeal is from a collateral order, which is appealable as of right under Pa.R.A.P. 313(a).

Whether an order is appealable as a collateral order is a question of law. **Orozco**, 284 A.3d at 478. Our standard of review is *de novo*, and our scope of review is plenary. **Id.**

Rule 313 provides that an order is collateral if it is "[(1)] separable from and collateral to the main cause of action where [(2)] the right involved is too important to be denied review and [(3)] the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). If the order satisfies each prong of this three-prong test, we have jurisdiction to consider the appeal. **See Rae v. Pa. Funeral Dirs. Ass'n**, 977 A.2d 1121, 1125 (Pa. 2009).

The separability prong is met if the order's merits "can be resolved without an analysis of the merits of the underlying dispute and if it is entirely distinct from the underlying issue in the case." ***Shearer v. Hafer***, 177 A.3d 850, 858 (Pa. 2018) (cleaned up).

The right involved is too important to be denied immediate review if "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." ***Id.*** at 858-59 (citation omitted). In other words, we must find that the right implicated is important in comparison to the importance of minimizing the costs of piecemeal litigation and promoting judicial accuracy. ***See Rae***, 977 A.2d at 1129-30. The right at issue must not only be important to the parties involved but also be "deeply rooted in public policy going beyond the particular litigation at hand." ***Commonwealth v. Williams***, 86 A.3d 771, 782 (Pa. 2014).

Finally, an order satisfies the third prong if the issue could not be fully remediated if postponed until the conclusion of the case. ***Orozco***, 284 A.3d at 478 (citation omitted). "In essence, the question is whether an erroneous trial court ruling cannot be undone." ***Barak v. Karolizki***, 196 A.3d 208, 219 (Pa.Super. 2018) (quotation marks and citation omitted); ***see also Geniviva v. Frisk***, 725 A.2d 1209, 1213 (Pa. 1999) (stating the question is "whether a right is adequately vindicable or effectively reviewable") (quotation marks and citation omitted).

Here, Landlord argues that the order is separable because whether the court properly granted Tenant's motion to file a late appeal is distinct from the

merits of the judgment itself. We agree with this assessment. Regarding the second and third prongs, Landlord asserts the Court of Common Pleas routinely grants tenants late appeals without jurisdiction, forcing landlords to litigate untimely appeals. Landlord contends the court "is practicing ignorance or simple disregard for its jurisdictional limitations, and this is happening so often that it's costing landlords hundreds of thousands of dollars in unrecoverable damages and precipitating an unprecedented rise in housing costs, creating instability in the housing market[.]" Landlord's Response Supporting Rule 313 Appeal, 6/7/24, at 6. Landlord posits that this issue will be irreparably lost if review is postponed until the conclusion of the case, because Landlord will not be able to raise it if it prevails below.

Under these limited circumstances, we find the order satisfies the second and third prongs of the test. The order implicates an important right, deeply rooted in public policy, of significance beyond the litigation at hand. If the court has improperly granted a *nunc pro tunc* appeal, Landlord will be unable to obtain a full remedy at the conclusion of the appeal to Common Pleas.

We thus agree with the Commonwealth Court that an order granting a *nunc pro tunc* appeal can constitute an appealable, collateral order.[2] In **Bethke v. City of Philadelphia**, the trial court entered an order directing the

---

[2] We may consider decisions of the Commonwealth Court as persuasive authority. **Commonwealth v. Goodco Mech., Inc.**, 291 A.3d 378, 398 (Pa.Super. 2023).

city to file a *nunc pro tunc* statutory appeal from an order of the Office of Open Records. 282 A.3d 884, 887-88 (Pa.Cmwlth. 2022). The Commonwealth Court found the order directing the *nunc pro tunc* appeal implicated both due process and the trial court's jurisdiction, which were issues deeply rooted in public policy and meriting immediate review. *Id.* at 889. The court also found that the questions of fundamental fairness and the court's jurisdiction would be irretrievably lost if the appellant was forced to litigate the untimely appeal prior to their resolution. *Id.*

Likewise, both the Commonwealth Court and our Supreme Court have found orders to be collateral where they subject the parties to additional litigation in the Court of Common Pleas. *See Pridgen v. Parker Hannifin Corp.*, 905 A.2d 422, 433 (Pa. 2006) (finding orders finding statute of repose inapplicable and denying summary judgment were collateral because appellants' burden to bear costs of additional litigation would constitute an irreparable loss); *Pittsburgh Water & Sewer Auth. v. Gladstone*, 999 A.2d 1248, 1254 (Pa.Cmwlth. 2010) (holding order granting new trial in statutory appeal from agency decision was collateral order, because "[a]ppellants' claim that they should not be required to re-litigate this matter will be moot if a new trial is conducted and an appeal to [the Commonwealth Court] is taken thereafter").

The same reasoning applies here. Absent a collateral appeal, the issue of whether the Court of Common Pleas had jurisdiction would be effectively unreviewable. Landlord would have no way to vindicate its right not to have

to undergo the delay and expense involved in an appeal over which the lower court did not properly have jurisdiction. The order granting Tenant leave to appeal from the MDJ's entry of judgment is a collateral order and immediately appealable under Rule 313. We therefore address Landlord's arguments.

We review an order allowing a *nunc pro tunc* appeal for an abuse of discretion. **Amicone v. Rok**, 839 A.2d 1109, 1113 (Pa.Super. 2003). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." **Id.** (quotation marks and citation omitted).

The timeliness of an appeal implicates the court's jurisdiction. **McKeown v. Bailey**, 731 A.2d 628, 630 (Pa.Super. 1999). As the MDJ's judgment granted possession of real property arising out of a residential lease, Tenant had 10 days from the entry of judgment to file an appeal to the Court of Common Pleas. **See** 68 P.S. § 250.513(b); Pa.R.Civ.P.M.D.J. 1002.B(1); **Cherry Ridge Dev. v. Chenoga**, 703 A.2d 1061, 1063 (Pa.Super. 1997); **see also Gladstone Partners, LP v. Overland Enter., Inc.**, 950 A.2d 1011, 1015 (Pa.Super. 2008).

The Court of Common Pleas cannot extend the deadline for appealing an MDJ judgment except under extraordinary circumstances, including fraud or a breakdown in the processes of the court. **Gladstone Partners, LP**, 950 A.2d at 1015; **see also Amicone**, 839 A.2d at 1113. For example, an untimely appeal might be warranted where the court has misadvised the

- 8 -

appellant regarding the appeal period. ***See Always Busy Consulting, LLC v. Babford & Co., Inc.***, 247 A.3d 1033, 1041 n.10 (Pa. 2021) (collecting cases).

The court may also grant a late appeal if the appellant shows the appeal was "not timely because of non-negligent circumstances, either as they relate to appellant or his counsel," such as illness or hospitalization. ***Amicone***, 839 A.2d at 1113; ***see id.*** at 1113-14. Mere hardship is insufficient to constitute an extraordinary, non-negligent circumstance. ***Id.*** at 1113. "The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." ***Fischer v. UPMC Northwest***, 34 A.3d 115, 120 n.2 (Pa.Super. 2011) (citation omitted).[3]

MDJ Civil Rule 1002 states the prothonotary may accept an untimely appeal from an MDJ judgment in possession with leave of court "and upon good cause shown." Pa.R.Civ.P.M.D.J. 1002.A, 1002.B(1). However, we have interpreted "good cause" as requiring the putative appellant to show a "legally sufficient reason" for the untimely appeal. ***McKeown***, 731 A.2d at 631. We have treated Rule 1002's "good cause" requirement as coextensive with the above-stated standards for granting *nunc pro tunc* appeals. ***See, e.g., Amicone***, 839 A.2d at 1113-15 (discussing reasons for untimely appeal

---

[3] Additionally, "the petition to file the appeal *nunc pro tunc* must be filed within a reasonable time after the occurrence of the extraordinary circumstance." ***Amicone***, 839 A.2d at 1114 (citation omitted).

allowable under Rule 1002.A); ***Nagy v. Best Home Servs., Inc.***, 829 A.2d 1166, 1167 (Pa.Super. 2003) (same).[4]

Here, Tenant did not allege that she attempted to file a timely appeal and that an extraordinary circumstance prevented her from doing so. Tenant alleged economic hardship and that she had to leave her residence due to flooding. Neither circumstance rises above hardship or constitutes an extraordinary, non-negligent circumstance that prevented Tenant from filing a timely appeal. Nor is Tenant's alleged confusion over the deadline a legally sufficient reason for the untimely filing in this case. At best, Tenant may have been misadvised that the deadline for filing was 30 days after judgment; yet Tenant filed her appeal 35 days after judgment. Any claim that a "breakdown" in procedures caused her to file the appeal late is unavailing.

The record contains no legally sufficient basis for the untimely appeal. The court therefore abused its discretion in granting the late appeal. Accordingly, we reverse the order granting the *nunc pro tunc* appeal.[5]

Order reversed.

_____

[4] ***See also Robinson v. Hutchinson***, No. 831 MDA 2023, 2024 WL 1479455, at *2 (Pa.Super. April 5, 2024) (unpublished mem.); ***Kurowski v. Caitlin***, No. 1082 WDA 2019, 2020 WL 6305992, at *3-*7 (Pa.Super. Oct. 28, 2020) (unpublished mem.).

[5] Because we grant relief on the first issue, we do not address Landlord's second issue.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE:  1/10/2025