Commonwealth ex rel. Posnansky *v.* Posnansky,
Appellant.

Argued April 13, 1967. Before ERVIN, P. J., WRIGHT,
WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAUL-
DING, JJ.

*E. B. Strassburger, Jr.,* with him *Strassburger & McKenna,* for appellant.

*Robert E. Woodside,* with him *John L. Bailey,* and *Woodside & Woodside,* and *Bailey and Bailey,* for appellee.

OPINION BY JACOBS, J., June 16, 1967:

This action was begun in New York State by Hadassah Posnansky, wife of the appellant, Max Posnansky, under the New York State Uniform Support of Dependents Law. The petition filed in New York asked for support for the petitioner only. It also contained in the body of the petition a statement that petitioner would like to have her youngest child, Esther, returned to her care. After determining that the appellant owed a duty of support and that he was residing in Pittsburgh, Pennsylvania, the appropriate New York court forwarded the necessary copies to the County Court of Allegheny County. The County Court of Allegheny County accepted the papers, docketed the same, called the appellant before it and on January 24, 1966 made an order directing him to pay the sum of $50 for the support of his wife, and directed the said money be turned over by its domestic relations division to the Clerk of the Family Court in New York State which had forwarded the proceedings.[1] On December 12, 1966, in the same proceeding to the same number

---

[1] At that time appellant and the daughter, Esther, were residing in Pittsburgh. Prior to later hearings beginning in September, 1966 they had moved to Atlantic City, New Jersey, where the father is principal of a Jewish academy.

and term, the County Court of Allegheny County raised the support order to $250 per month for the support of the wife.[2] At the same time it awarded custody of Esther, the ten year old daughter of the parties, to the mother petitioner and provided that visitation by the father would be arranged at a later date. The father has appealed from this order. The appeal has been made a supersedeas so far as the custody of the child, Esther, is concerned.

Appellant argues that the County Court of Allegheny County did not have jurisdiction in the case to determine the custody of Esther. We agree that the court did not have jurisdiction of the subject matter in this action.

Lack of jurisdiction of the subject matter may be raised at any time and it is fatal at any stage of the proceedings. *Patterson's Estate,* 341 Pa. 177, 19 A. 2d 165 (1941). Jurisdiction of the subject matter cannot be acquired by a court through consent, waiver or estoppel of the parties. *Bell Appeal,* 396 Pa. 592, 152 A. 2d 731 (1959).

The only action brought was a petition filed in New York and forwarded by that state to Pennsylvania under the provisions of the Uniform Reciprocal Enforcement of Support Act adopted in Pennsylvania by the Act of May 10, 1951, P. L. 279, as amended, 62 P.S. §2043.1 et seq. Although the mother could have done so, she did not begin a custody action in this state by habeas corpus or by any other action, but simply stated her desire in the reciprocal support petition filed in New York. The purpose of the Uniform Reciprocal Enforcement of Support Act is "to improve and extend by reciprocal legislation the enforcement of duties of

---

[2] Incorrectly stated by the court below in its opinion filed March 17, 1967 to have been for the mother and child. This order also directed that the money be turned over to the forwarding court.

support. . . ." 62 P.S. §2043.1. "If the court of the responding state [in this case Pennsylvania] finds a duty of support, it may order the defendant to furnish support or reimbursement therefor, and subject the property of the defendant to such order." 62 P.S. §2043.22. This is the only power, other than procedural and enforcement matters, given to the court in this state. There is nothing in the act that allows a determination of custody or authorizes reciprocal interstate enforcement of custody. The reciprocal act permits the commencement of a support action and its prosecution in an extraordinary manner. The act cannot be extended beyond its obvious scope to include determination of custody. Questions of support and questions of custody are separate and distinct problems. *Commonwealth v. Mexal,* 201 Pa. Superior Ct. 457, 461, 193 A. 2d 680 (1963). We conclude that custody may not be determined in a proceeding brought under the Uniform Reciprocal Enforcement of Support Act. Our conclusion is strengthened by the statement in the act that "Participation in any proceedings under this act shall not confer upon any court jurisdiction of any of the parties thereto in any other proceeding." 62 PS. §2043.29.[3]

The order entered in favor of the wife in the amount of $250 per month is not seriously contested by the ap-

---

[3] Compare *State ex rel. Schwartz v. Buder,* 315 S.W. 2d 867 (Mo. App. 1958), where a husband's cross suit for divorce and custody filed against his wife who had begun a reciprocal action for support was dismissed because the uniform reciprocal act gave no authority for hearing matters beyond its scope despite a Missouri statute permitting a defendant to counterclaim matter "different in kind from that sought in the pleading of the opposite party." See also *Blois v. Blois,* 138 So. 2d 373 (Fla. App. 1962), where in dismissing a similar cross suit for divorce filed by a husband the court concluded that the only real issue in a proceeding under the Uniform Reciprocal Enforcement of Support Law is the duty of support.

pellant and in view of his admitted income of $10,000 per year is not excessive.

The order awarding custody is reversed. The order of support is affirmed.

CONCURRING OPINION BY MONTGOMERY, J.:

I readily concur in the majority opinion written by my colleague, Judge JACOBS. This matter came before the County Court on an application for support of the wife alone. The child was then in the custody of the father and adequately supported by him. Therefore that court did not have jurisdiction to determine the right to her custody because that court's jurisdiction to determine the custody of children aside from juvenile proceedings not here involved is limited to cases where the court has first acquired jurisdiction in matters relating to their maintenance. Such jurisdiction cannot be established by making an order for support after the matter of custody has been decided. *Commonwealth ex rel. Conley v. Conley,* 189 Pa. Superior Ct. 611, 152 A. 2d 282 (1959); *Commonwealth ex rel. Berardino v. Berardino,* 97 Pa. Superior Ct. 380 (1929).