Opinion by
Montgomery, J.,
This appeal raises but two questions: (1) is a proceeding brought under the Uniform Eeciprocal Enforcement of Support Act, adopted May 10, 1951, P. L. 279, as amended, 62 P.S. §2043.1 et seq., converted into a proceeding under The Penal Code of June 24, 1939, P. L. 872, §733, as amended, 18 P.S. §4733, or under the Civil Procedural Support Law of July 13,1953, P. L. 431, 62 P.S. §2043.31 et seq., so as to give the County Court of Allegheny County jurisdiction to dispose of the matter of custody under §1 of the Act of March 19, 1915, P. L. 5, as amended, 17 P.S. §653, by the filing of a petition by the mother for an increase in the support award for her two minor children (subsequently withdrawn with the court’s approval) following the filing of a petition for a reduction of that award by the father; and (2), was the father wrongfully denied notice and a hearing before being adjudicated in contempt for failing to fully pay the award of support for his children?
When this matter was heard originally the court refused to entertain the father’s petition for custody on the authority of Commonwealth ex rel. Posnansky v. Posnansky, 210 Pa. Superior Ct. 280, 232 A. 2d 73 *329 (1967). Therein we stated that (page 282), “Jurisdiction of the subject matter cannot be acquired by a court through consent, waiver or estoppel of the parties”, and (page 283), “The reciprocal act permits the commencement of a support action and its prosecution in an extraordinary manner. The act cannot be extended beyond its obvious scope to include determination of custody. Questions of support and questions of custody are separate and distinct problems.” We, therefore, hold that the present case is governed by Posnansky and that the act of the mother did not have the effect of bringing the subject of custody within the jurisdiction of the Allegheny County Court.
Insofar as the contempt question is concerned, the record indicates clearly that the order relating to arrearages resulted from the appellant’s petition for a reduction and rescission. Following that hearing Judge McCarthy filed a memorandum opinion making certain findings, one of which found appellant |300 in arrears in the payments due under the original order. In response to this opinion appellant’s counsel filed with Judge McCarthy an acknowledgment of receipt of a copy of the opinion in which he specifically admitted that his client had been paying less than the amount he had been ordered to pay but was depositing the difference in a special account in a bank which was liable to attachment “in the event he is unsuccessful . . . after appeal . . .” What in fact appellant’s counsel was doing was decreeing for his client a supersedeas pending his appeal. Judge McCarthy, refusing to agree to such an arrangement, ordered him, on September 28, 1967, by amending his previous order, “. . . to pay all arrears pending and make all payments as they come due pursuant to the Support Order . . .”
We find no error in this action of the lower court.
Orders denying motion for custody hearing and compelling payment of arrears affirmed.