## Standard Machine & Equipment Co. v. Hartford Accident & Indemnity Co.

*Warman & Warman*, for plaintiff.
*Coldren & Adams*, for defendant.

FEIGUS, J., June 24, 1974.—This matter is before the court en banc upon defendant's amended preliminary objections raising lack of jurisdiction by way of defective service of the complaint in assumpsit, as well as a demurrer. Service of the complaint was made by the sheriff by delivery to Don W. Dayton Agency, at 269 South Mt. Vernon Avenue, Uniontown, Pa., ostensibly as the duly authorized agent of defendant company, a foreign corporation. Plaintiff filed no answer to the preliminary objections which were endorsed with a notice to plead, asserting absence of agency.

Apparently, duly verified preliminary objections, asserting facts raising a question of the propriety of service, endorsed with notice to plead, may require a responsive answer: Pa. R.C.P. 1017; Ibid. 1028; Home Security Corp. v. James Talcott, Inc., 62 D. & C. 2d 457; Fitelson v. Acuff, 14 D. & C. 2d 486; Welch v. John Deere Co., 33 Fayette 32; Leighty v. Brooks,

33 Fayette 27. Failure to file an answer results in an admission of properly pleaded averments of fact in the objections: 1 Goodrich-Amram §1028(c)-2. Nor does the raising of a demurrer in the same preliminary objections constitute a general appearance under Pa. R.C.P. 1012: Vant v. Gish, 412 Pa. 359; Casey v. Donut Fair, Inc., 211 Pa. Superior Ct. 323.

Service of process upon a foreign insurance corporation is governed by Pa. R.C.P. 2180 and Act of May 17, 1921, P. L. 789, as amended, 40 PS 48. See 3 Goodrich-Amram §2180-23; Kurelko v. Great American Indemnity Co., 10 D. & C. 2d 231.

In view of our conclusion that we are without jurisdiction by reason of improper service of the complaint, we do not deem it necessary to pass upon the demurrer request, except to suggest that in the aspect of this case the contention might more appropriately be raised at the close of the pleadings: Adams v. Speckman, 385 Pa. 308; Sun Ray Drug Co. v. Lawler, 366 Pa. 571; Tide Water Associated Oil Co. v. Kay, 168 Pa. Superior Ct. 263.

## ORDER

And now, June 24, 1974, after consideration, the preliminary objections ex parte defendant are sustained and service of the complaint is set aside.