## Stukel v. Costulas

*Robert D. O'Connor, Jr.,* for plaintiff.
*John C. Youngman, Jr.,* for defendant.

BROWN, *P.J.,* May 19, 1981—(1)  On November 19, 1979 plaintiff filed a complaint pursuant to 42 Pa.C.S.A. §6701 et seq. seeking support for the parties' minor child, Joseph J. Costulas.

(2)  Following proceedings before the domestic relations hearing officer, a report and recommendation was filed on March 5, 1981 recommending that defendant pay a specified sum each week for the child's support.

(3)  No exceptions having been filed to the hearing officer's report and recommendation, the court signed an order on March 26, 1981 requiring defendant to pay child support in the recommended amount.

(4)  On March 17, 1981 defendant, without benefit of counsel, filed a petition to modify support order in which he requested that he be granted visitation privileges with his child.[1] In accordance with

---

1. This was after the hearing officer's report was filed but before the support order was signed. Technically, the petition to modify was premature; the court interprets defendant's actions as consenting to the entry of the support order but requesting that he be granted visitation rights.

Clinton R.M.P. 602(a)(3), this petition was referred to the child custody conference officer and the matter has been scheduled for a conference on the question of visitation.

(5) On March 26, 1981 plaintiff filed preliminary objections to defendant's petition to modify seeking its dismissal on jurisdictional grounds.

## DISCUSSION AND CONCLUSIONS OF LAW

Plaintiff's position is that the court lacks jurisdiction over the subject matter of visitation in these proceedings. With some reluctance and for reasons hereinafter discussed, the court must agree with plaintiff and grant the requested relief.

Initially, as plaintiff has correctly observed, there is no provision in 42 Pa.C.S.A. §6701 et seq. that authorizes the court to entertain matters of visitation as part of a support proceeding. Thus in a proceeding brought under that statute, the question of visitation is inappropriate for disposition.

It has been recognized in this Commonwealth that the questions of child support and visitation are separate and independent of each other. This principle can be gleaned from any number of appellate court decisions. For example, Com. ex rel. Posnansky v. Posnansky, 210 Pa. Superior Ct. 280, 232 A. 2d 73 (1967), cited by plaintiff, determined that the issue of child visitation could not be raised under the Uniform Reciprocal Enforcement of Support Act of May 1, 1951, P.L. 279, 62 P.S. §2043.1 et seq. In discussing that statute the court stated at p. 283: "Questions of support and questions of custody are separate and distinct problems."

Secondarily, plaintiff argues that from the standpoint of subject matter jurisdiction, the issue

of visitation must be raised by the Commonwealth Child Custody Jurisdiction Act of April 28, 1978, P.L. 108, 11 P.S. §2401 et seq., [see now 42 Pa.C.S.A. §5364]. Under that statute, any party raising a custody or visitation issue must in his first pleading allege certain matters as to jurisdiction: 11 P.S. §2410(a). Defendant's petition to modify does not comply with this mandate.

In opposition to plaintiff's position, defendant argues that the Commonwealth Child Custody Jurisdiction Act (section 2403) provides that a "custody proceeding" includes "dependency proceedings," and that an action for support is a dependency proceeding. No authority has been cited in support of this exercise in statutory interpretation. In the court's judgment a dependency proceeding is confined to a proceeding under the Juvenile Act, 42 Pa.C.S.A. §6301 et seq., to determine if a child is a "dependent child" under 42 Pa.C.S.A. §6302. As such, a dependency proceeding is not a support proceeding such as is presently before the court.

Defendant next offers to file an affidavit alleging the jurisdictional matters required under the Commonwealth Child Custody Jurisdiction Act. This proposal has been given some thought. However, the mere filing of an affidavit would not confer jurisdiction in a proceeding where it does not otherwise exist.

Defendant's final argument centers on an interpretation of the case of Simmons v. Simmons, 232 Pa. Superior Ct. 365, 335 A. 2d 764 (1975), which has been cited for the proposition that the court does have jurisdiction to determine visitation in a support proceeding. Simmons was an action brought under the Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S.

§2043.31 et seq., which was substantially reenacted as 42 Pa.C.S.A. §6701 et seq. Like the present statute, the former statute also did not contain any provisions authorizing the determination of questions of child custody and visitation in a support proceeding, and while it is true that in Simmons subject matter jurisdiction was found to exist for the enforcement of visitation privileges, the court noted that the parties had entered into an agreement providing for support and visitation and that the lower court order had been formulated based upon this agreement. It would appear that jurisdiction over the subject matter existed only as a result of that agreement.[2] In the present case, no such agreement was ever entered into and the cases are factually inapposite.

Based upon the foregoing, the court therefore must conclude that there is no provision in 42 Pa.C.S.A. §6701 et seq. allowing for the determination of visitation in a support proceeding. Furthermore no appellate decisions have been submitted which have interpreted the statute to allow for such visitation determination in an adversary proceeding. Accordingly, if the parties have not agreed to make visitation a part of the support order, the court has no authority to enter upon an inquiry into this area.

This determination is made with some reluctance since this court has decided a number of support cases in which visitation has been made a part of the proceedings. These are cases where the question of subject matter jurisdiction was not raised and it also included many cases where visitation

2. Simmons apparently did not consider the legal principle that subject matter jurisdiction cannot ordinarily be created by agreement of the parties.

has been incorporated into the proceedings by agreement of the parties. With regard to the latter category of cases, no difficulty exists; however, henceforth, visitation will not be handled in support proceedings in the absence of an agreement of the parties. The court is further aware that the practice in a number of other counties in this Commonwealth is comparable to that of the court in that visitation is routinely handled in a support proceeding. There are any number of legitimate reasons for doing this including the expediting of such questions without requiring the parties to file separate and independent proceedings and to pay additional court costs and sheriff's fees. Such separate actions also automatically mean a delay in a determination of visitation. However, notwithstanding the benefits to be derived from handling visitation in a support proceeding, until such time as the legislature authorizes the handling of visitation rights in a support proceeding, the parties are relegated to proceeding on questions of visitation in a custody proceeding that complies with the Commonwealth Child Custody Jurisdiction Act of 1978.

Accordingly, in these proceedings, plaintiff's preliminary objections will be sustained. Defendant's petition to modify support order to include visitation rights will be dismissed and defendant will be required to file a custody petition seeking visitation privileges. This result is unfortunate but necessary for the reasons previously discussed.

## ORDER

And now, May 19, 1981, based upon the foregoing memorandum, it is hereby ordered that plaintiff's preliminary objections to defendant's petition to

modify support order filed March 17, 1981 be sustained and that the aforesaid petition be dismissed and that any proceedings scheduled before the child custody conference officer be terminated.