J-A13039-25

2025 PA Super 217

PENN SYCAMORE APARTMENTS INC. : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellant :
:
:
:
v. :
:
:
:
SOPHIA BROOKS : No. 790 WDA 2024

Appeal from the Order Entered June 6, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  LT-24-622

BEFORE:  BOWES, J., OLSON, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED:  September 25, 2025**

Penn Sycamore Apartments Inc. ("Penn Sycamore") appeals from the order entered on June 6, 2024, in the Court of Common Pleas of Allegheny County, which denied Sophia Brooks' ("Brooks") motion to file a late appeal from a district magistrate's judgment against her for possession and monetary damages in this landlord-tenant action, but nevertheless stayed Brooks' eviction for an additional 30 days to provide her with an opportunity to satisfy the judgment.  After careful review, we affirm in part and reverse in part.

The lower court provided the following relevant background in its Pa.R.A.P. 1925(a) opinion:

This appeal arises from a landlord-tenant action that originated in the magisterial district court ("MDC"), where the landlord…, Penn Sycamore[,] … filed an action seeking possession of real property leased to the tenant…, [Brooks], for Brooks' failure to pay rent due and owing under the lease.  A hearing was held on May 7, 2024, after which the magisterial district judge ("MDJ") found in favor of Penn Sycamore and awarded monetary damages in the amount of $2,924.15,[1] as well as possession of the property

located at 190 Sycamore Dr., Apt. 305, Pittsburgh, PA 15235.[1] Because the award for possession was based solely on Brooks' failure to pay rent, the judgment entered was considered a "pay and stay" judgment and could be satisfied at any time up to the time of execution on the judgment. *See* Pa.R.Civ.P.M.D.J. 518 ("At any time before actual delivery of the property is made in execution of the order for possession, the tenant may, in a case for the recovery of possession solely because of failure to pay rent, satisfy the order for possession by paying to the executing officer the rent actually in arrears and the cost of the proceedings."). The effect of that rule is that a tenant being evicted for failure to pay has until the time that he or she is actually being evicted to satisfy the outstanding judgment amount[2] in order to avoid eviction.

> [1] The award represented $2,753.00 in unpaid rent and $171.15 in costs.

> [2] … [T]he "outstanding judgment amount" is the amount actually awarded by the MDJ and does not include any rent that may have accrued since the time of the hearing. Pa.R.Civ.P.M.D.J. 518, Explanatory Comment--1992.

Under Pa.R.Civ.P.M.D.J. 1002, a party may appeal the monetary portion of an MDJ judgment within 30 days of issuance of the judgment, [Pa.R.Civ.P.M.D.J.] 1002(A), or within 10 days if the party is appealing the award of possession, [Pa.R.Civ.P.M.D.J.] 1002(B)(1), *see also* 68 P[.S.] § 250.513(b). In this case, Brooks attempted to file an appeal on May 30, 2024, which was within the 30-day time period to appeal the monetary judgment, but outside of the 10-day period provided for the award of possession. Because she desired to appeal the award of possession outside of the 10-day window prescribed by Rule 1002(b)(1), she filed a motion to file a late appeal with the court, in which she averred as follows:

> I'm hoping you can grant me sometime to get back on track since my last sesmester of school I dropped out due to a surgery I had back in December and couldnt attend class on

---

[1] Pursuant to the judgment, the MDJ issued on order for possession on May 22, 2024, directing the local sheriff to deliver actual possession of the property to Penn Sycamore. *See* Motion to File Late Appeal, 5/30/24, at 7 (unnumbered). The sheriff thereafter posted the property with a copy of the order for possession and a notice to vacate, indicating that, if necessary, an eviction would take place on June 2, 2024. *See id.* at 8 (unnumbered).

a regular basis my job started garnish my pay because they was helping with my tuition for school. I applied for rental assistance and since than the program has changed and I'm no longer eligible for rental assistance. I'm going to ask my LL hopefully to try to agree to some type of payment plan to get me back on track.

[Brooks'] Motion for Late Appeal, Common Pleas Document #1[, at ¶ 4 (*verbatim*)].

The motion was heard by the undersigned on June 6, 2024,[2] and after oral argument by both parties[,] the court denied the late appeal, finding no valid legal grounds to accept a late appeal,[3] but granted Brooks an additional period of time to either satisfy the "pay and stay" judgment in order to avoid eviction completely, or time to vacate the unit.

> [3] A late appeal, or an appeal *nunc pro tunc*, is generally only appropriate in civil cases where there has been a breakdown in the court's operations or fraud. **Com**[**monwealth**] **v. Stock**, 679 A.2d 760, 763 (Pa. 1996). The court found no evidence or allegation of fraud or of a breakdown in the court system that would warrant a late appeal in this case, and therefore the motion was denied.

HCO at 1-3 (cleaned up).

More specifically, the June 6, 2024 order stated:

Tenant's Motion to File Late Appeal is DENIED as to possession. This order does not affect [the] tenant's right to file a timely appeal as to money damages only. The tenant has indicated a willingness and ability to satisfy the MDJ judgment, and therefore

---

[2] The lower court explained that this matter was heard by the "housing court," a specialty court within the Civil Division of the Court of Common Pleas of Allegheny County. **See** Housing Court Opinion ("HCO"), 11/18/24, at 4; **see also** Allegheny Cty.Civ.Fam.R. 76 (defining "housing court" as "the special court within the Civil Division, which shall hear all matters involving residential landlord[-]tenant disputes…, statutory appeals from public housing, federal Section 8 grievance hearings, and all summary appeals relating to code enforcement matters involving properties leased or rented to residential tenants"); Allegheny Cty.Civ.Fam.R. 208.3(a)(5)(a)(iii) (providing that the housing court judge shall hear "all motions for late appeal of disposition from a magisterial district judge in a landlord-tenant proceeding") (cleaned up).

the court will allow the tenant 30 days to attempt to do so. If the judgment is satisfied within 30 days, then the landlord shall mark the MDJ judgment as satisfied, and may neither obtain nor execute on an order of possession issued from said MDJ judgment. If the judgment is not satisfied within 30 days, then any prior stay of eviction issued by the Allegheny County Court of Common Pleas is hereby lifted and the eviction may proceed on July 19, 2024, under the original order of possession issued from the magisterial district judge. No additional service of the order of possession is required. This order hereby stays the eviction until that date.

Order, 6/6/24, at 1 (single page; cleaned up).[3]

On June 26, 2024, Penn Sycamore filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The housing court filed its Rule 1925(a) opinion on November 18, 2024. On appeal, Penn Sycamore presents the following questions for our review:

I. Whether the lower court exceeded its authority when it stayed an eviction for an additional [30] days in conjunction with an untimely appeal that was properly denied[?]

II. Whether the housing court's order was a violation of due process and unlawful when it stripped the landlord of its protected constitutional right to possess and protect the property which it owns[?]

III. Whether the housing court abuses its discretion by staying evictions in violation of due process[?]

Penn Sycamore's Brief at 3.[4]

_____

[3] Brooks did not file an appeal from the June 6, 2024 order denying her motion to file a late appeal from the judgment of possession, nor did she exercise her right to file a timely appeal from the monetary damages only.

[4] Brooks did not file an appellee's brief in this matter.

Preliminarily, we must address whether these issues are moot, as the 30-day period allocated by the housing court for Brooks to attempt to satisfy the MDJ judgment against her and during which the stay was extended has since expired. It is well-established:

> Our courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.
>
>> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.
>>
>> This Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

***Orfield v. Weindel***, 52 A.3d 275, 277-78 (Pa. Super. 2012) (citations omitted).

Penn Sycamore claims that "the Allegheny County Housing Court is improperly and **routinely** exercising jurisdiction over landlord-tenant possession matters after the expiration of the 10-day filing period prescribed by Pa.R.Civ.P.M.D.J. 1002(B)(1), presumably on the basis of a defendant-tenant's hardship." Penn Sycamore's Brief at 5-6 (cleaned up; emphasis

added). It contends that in a majority of cases involving motions for late appeal decided by the housing court,

> the motion for late appeal lacks extraordinary circumstances, and the additional delay of the possession order is merely an attempt by the tenant to avoid its rental obligation for another month. After the time for allowance of appeal, obtaining an order of possession, service and the additional time before a lockout can be effectuated, which is on average [30] days, the additional [30] days results in two more months of rent being lost in addition to the delinquent rent that resulted in the judgment in the first case. No judgment or recovery can be made on this, as no forwarding address will be provided and the tenant is often judgment proof.

*Id.* at 17 n.4. Penn Sycamore suggests that "the housing court is entering these orders knowing that they will avoid appellate review, because a landlord is typically not going to incur further delay and additional costs by appealing an order that it 'technically' won, even if the housing court is operating outside its jurisdiction when issuing the order." *Id.* at 18.

Due to the nature of these landlord-tenant matters, we agree that the questions presented in this matter are capable of repetition and apt to elude appellate review. Thus, we conclude that Penn Sycamore's issues meet the mootness exception, *see Orfield*, *supra*, and we proceed to address the merits of its claims.

We review an order denying a *nunc pro tunc* appeal for an abuse of discretion. *Amicone v. Rok*, 839 A.2d 1109, 1113 (Pa. Super. 2003). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly

unreasonable, or the result of partiality, prejudice, bias, or ill will as shown by the evidence or the record." ***Id.*** (quotation marks and citation omitted).

In its first issue, Penn Sycamore claims that the housing court exceeded its authority "when it stayed an eviction an additional 30 days in conjunction with an untimely appeal that was properly denied." Penn Sycamore's Brief at 7 (cleaned up). It argues:

> The Landlord [and] Tenant Act[5] permits an appeal of a judgment awarding possession to the landlord "within 10 days after the rendition of judgment by a lower court." 68 P.S. § 250.513(b). After 10 days, the Court of Common Pleas no longer has jurisdiction to hear an appeal regarding possession, absent extraordinary circumstances.
>
> [Brooks] missed the 10-day deadline and instead filed a Motion for Late Appeal, which was properly denied by the lower court as untimely. Once the appeal was properly denied as untimely filed, the lower court lacked jurisdiction to enter any order regarding possession. "If the Court of Comon Pleas did not have jurisdiction of the subject matter in the instant case, its judgment on the merits is a nullity." ***Casey v. Donut Fair, Inc.***, 236 A.2d 546, [548] (Pa. Super. 1967). The housing court lacked jurisdiction to stay the eviction after properly denying the appeal. Its decision to grant possession to the tenant for an additional 30 days was a nullity. The housing court cannot and should not be depriving the landlord of its right to possession of its property.

***Id.*** at 9-10 (cleaned up); ***see also id.*** at 11 ("The jurisdiction to hear the late appeal motion did not provide the housing court jurisdiction to enter an order regarding possession.").

In response, the housing court states that it "was simply exercising its discretion in an effort to either avoid an eviction, or to provide more certainty

---

[5] Act of April 6, 1951, P.L. 69, art. I, § 101, as amended 68 P.S. §§ 250.101 *et seq*.

and clarity as to when and how an eviction will take place." HCO at 6. It explained:

> In providing an additional 30 days to satisfy the MDJ judgment, the court was seeking an equitable solution to a problem identified by Brooks in her motion: health concerns that prevented her from staying current on her rent. This type of order allowing an additional but finite amount of time to satisfy the judgment was a common and necessary ruling utilized by the housing court during the COVID housing crisis, when rental assistance funds from both the CARES Act[5] and the American Rescue Plan Act[6] were widely utilized to prevent evictions. Typically, the federal funds, administered locally under the [Emergency Rental Assistance Program] or [the Family Eviction Prevention Plan] programs, were paid in accordance with the MDJ "pay and stay" judgments, although the funds typically could not be processed within the 10-day period that would trigger execution on the order of possession from the MDJ judgment. ***See generally*** Pa.R.Civ.P.M.D.J. 519. By extending the deadline in which the tenant could satisfy the MDJ judgment, the court assured that the intent of the rental assistance programs would be accomplished: the landlord would be paid the outstanding judgment, and the tenant would not be evicted. The programs proved successful in preventing countless evictions, particularly during the COVID crisis. Unfortunately, the rental assistance programs are no longer readily available, as Brooks discovered and noted in her motion. [***See*** Motion to File Late Appeal at ¶ 4] ("I applied for rental assistance and since than [*sic*] the program has changed and I'm no longer eligible."). However, rental assistance funds should not be treated differently than personal funds. If a tenant is able to satisfy the MDJ judgment in a timely manner — in this case[,] 30 days — then the court finds that to be a perfectly reasonable and equitable outcome, as the landlord would be paid the outstanding judgment, and the tenant would remain in the property.

> [5] H.R. 748 – 116th Congress (2019-2020); CARES Act, H.R. 748, 116th Cong. (2020), https://www.congress.gov/bill/116th-congress/house-bill/748.

> [6] H.R. 1319 – 117th Congress (2021-2022): American Rescue Plan Act of 2021, H.R. 1319, 117th Cong. (2021),

> https://www.congress.gov/bill/117th-congress/house-bill/1319.

HCO at 6-7 (cleaned up).

As the crux of the matter before us is whether the housing court had jurisdiction to stay the eviction of Brooks an additional 30 days after properly denying her untimely appeal, we note:

> The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved. Moreover, it is well settled that a judgment or decree rendered by a court which lacks jurisdiction of the subject matter or of the person is null and void…. Because jurisdiction is a pure question of law, our standard of review is *de novo*, and our scope of review is plenary.

*Strasburg Scooters, LLC v. Strasburg Rail Road, Inc.*, 210 A.3d 1064, 1067-68 (Pa. Super. 2019) (cleaned up).

Additionally, we recognize that "[t]he timeliness of an appeal implicates the court's jurisdiction." *Lobos Mgmt. v. Powell*, 330 A.3d 438, 443 (Pa. Super. 2025) (citation omitted). Time limitations for taking appeals are strictly construed. *See, e.g.*, *Commonwealth v. Burks*, 102 A.3d 497, 500 (Pa. Super. 2014). Absent extraordinary circumstances, such as fraud or a breakdown in the process of the court, or a showing that the appeal was not timely because of non-negligent circumstances on the part of the appellant or her counsel, the court of common pleas cannot extend the deadline for appealing an MDJ judgment. *See Lobos Mgmt.*, 330 A.3d at 443; *see also id.* ("Mere hardship is insufficient to constitute an extraordinary, non-

negligent circumstance."). Failure to file a timely notice of appeal divests an appellate court of its jurisdiction to hear the merits of the case. ***See, e.g.***, ***Sidkoff, Pincus, Greenberg & Green, P.C. v. Pa. Nat. Mut. Cas. Ins. Co.***, 555 A.2d 1284, 1287 (Pa. 1989); ***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 759 (Pa. Super. 2021).

The Landlord and Tenant Act establishes time constraints within which a party must file an appeal to the court of common pleas. The Act provides:

> **Within [10] days after the rendition of judgment by a lower court arising out of [a] residential lease** or within [30] days after a judgment by a lower court arising out of a nonresidential lease or a residential lease involving a victim of domestic violence, either party may appeal to the court of common pleas….

68 P.S. § 250.513(b) (emphasis added).

Moreover, the time for filing an appeal from a judgment entered by an MDJ is prescribed by Pa.R.Civ.P.M.D.J. 1002, which states in pertinent part:

> A. A party aggrieved by a judgment for money, or a judgment affecting the delivery of possession of real property arising out of a nonresidential lease, may appeal the judgment within 30 days after the date of the entry of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal….
>
> B. (1) Except as otherwise provided in subdivision B(2),[6] **a party aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease may appeal the judgment within 10 days after the date of the entry of**

---

[6] Subdivision B(2) pertains to tenants who are aggrieved by a judgment for the delivery of possession of real property arising out of a residential lease **and** who are victims of domestic violence. ***See*** Pa.R.Civ.P.M.D.J. 1002.B(2)(a). Based on our cursory review of the record, we are unaware of any allegation that Brooks is a domestic violence victim; thus, we deem this subdivision irrelevant for purposes of this appeal.

**judgment** by filing with the prothonotary of the court of common pleas a notice of appeal….  The prothonotary shall not accept an appeal from an aggrieved party that is presented for filing more than 10 days after the date of entry of the judgment without leave of court and upon good cause shown.

Pa.R.Civ.P.M.D.J. 1002.A, 1002.B(1) (emphasis added).  "Notably, while the appeal period for appealing judgments of MDJs is otherwise 30 days, … the period is shortened to 10 days for parties aggrieved by a judgment ordering possession of real property arising out of a residential lease…."  **Assouline v. Reynolds**, 219 A.3d 1131, 1140 (Pa. 2019).[7]

Here, Brooks attempted to file a late appeal from the MDJ judgment awarding Penn Sycamore possession of the leased premises, as well as a monetary judgment for unpaid rent.  There is no dispute that Brooks failed to file her appeal within the applicable 10-day time period.  **See** 68 P.S. § 250.513(b); Pa.R.Civ.P.M.D.J. 1002.B(1); **see also Assouline**, **supra**; **Cherry Ridge Dev.**, **supra**.  Finding no valid legal grounds to accept a late appeal, the housing court denied Brooks' motion to file a late appeal.  **See**

_____

[7] The time limitations designated in subdivision B(1) and B(2) were designed to implement the time for appeal set forth in Section 513 of the Landlord and Tenant Act.  **See** Pa.R.Civ.P.M.D.J. 1002, _Note_.  Moreover, "[Rule 1002] is intended to clarify the appeal timelines for different types of cases."  **Id.**  When, as in the instant matter, "the right of possession of residential real estate is at issue, and the tenant is not a victim of domestic violence, the shorter, 10-day period for appeal applies."  **Id.**; **see also Cherry Ridge Dev. v. Chenoga**, 703 A.2d 1061, 1063 (Pa. Super. 1997) (determining that where the appellant appeals "not … from a 'judgment only for money,' but from a judgment for possession with an ancillary award for damages[,]" arising from a residential lease, she has 10 days from the date of judgment to file a notice of appeal, pursuant to Section 513(b) of the Landlord and Tenant Act).

HCO at 3; *see also McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999) ("Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the [t]rial [j]udge."). At that point, the housing court lacked jurisdiction to entertain the appeal and to grant any relief to Brooks. *See Sidkoff, Pincus, Greenberg & Green, P.C.*, 555 A.2d at 1287 (declaring that the failure to file a timely notice of appeal divests an appellate court of its jurisdiction to hear the merits of the case); *Smithson*, 264 A.3d at 759 (same); *see also McKeesport Housing Auth. v. Menifee*, 2019 WL 6834697 at *2 (Pa. Cmwlth. Dec. 16, 2019) (unpublished memorandum).[8] Hence, the housing

---

[8] "Although decisions of the Commonwealth Court are not binding on this Court, they may provide persuasive authority." *Delaware Valley Landscape Stone, Inc. v. RRQ, LLC*, 284 A.3d 459, 461 n.3 (Pa. Super. 2022) (citation omitted). "This includes unpublished decisions of the Commonwealth Court filed after January 15, 2008." *Id.* (citing Pa.R.A.P. 126(b)).

We are persuaded by the decision in *Menifee*, which similarly involved a motion to file a late appeal from an MDJ judgment in a landlord-tenant action arising out of a residential lease. *See generally Menifee*, 2019 WL 6834697 at *1-3. Therein, the MDJ entered judgment for possession in favor of the landlord and further awarded the landlord a monetary amount representing unpaid rent. *Id.* at *1. The tenant, having failed to file an appeal within the 10-day period prescribed by Section 513(b) of the Landlord and Tenant Act, filed a motion seeking to file a late appeal, indicating that her untimeliness was due to "a mix up" with her landlord. *Id.* The trial court determined that the tenant's reason for her untimely filing was insufficient to justify an appeal *nunc pro tunc* and denied her motion. *Id.* at *1-2. Nevertheless, in the same order, the court stayed the tenant's eviction as long as he paid $300.00 per month to the landlord, representing monthly rent and arrears, beginning with the month of December 2018. *Id.* On appeal, the landlord argued that the trial court lacked jurisdiction to hear the tenant's appeal and lacked the equitable power to override the statutory requirement for timely appeals. Our

*(Footnote Continued Next Page)*

court's order, insofar as it denied Brooks' motion, was proper. However, to the extent that it stayed Brooks' eviction and allowed her an opportunity to satisfy the judgment, the order was in error. *See Strasburg Scooters, LLC*, 210 A.3d at 1067 (declaring that a judgment or decree rendered by a court which lacks subject matter jurisdiction is null and void).[9]

Accordingly, we affirm the June 6, 2024 order of the Court of Common Pleas of Allegheny County to the extent that it denied Brooks' motion to file a late appeal. We reverse said order to the extent that it directed that Brooks' eviction be stayed for 30 days to allow Brooks an opportunity to satisfy the MDJ judgment.

Order affirmed in part and reversed in part. Jurisdiction relinquished.

Judge Olson joins this opinion. Judge Bowes files a concurring opinion in which Judge Olson and President Judge Emeritus Bender join.

_____

sister court agreed. *Id.* at *2; *see also id.* (explaining that the trial court properly denied the tenant's motion to file a late appeal and concluding that, "[a]t that point, the trial court lacked jurisdiction to entertain [the t]enant's appeal and grant any relief to [the t]enant"); *id.* at *3 (affirming the trial court's order to the extent that it denied the tenant's motion to file a late appeal and reversing the order to the extent that it directed that the tenant's eviction be stayed as long as he remains in compliance with a repayment plan set forth in its order).

[9] Due to our disposition of Penn Sycamore's first claim, we need not address the remaining two issues.

- 13 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/25/2025