J-A13039-25

2025 PA Super 217


PENN SYCAMORE APARTMENTS INC. : IN THE SUPERIOR COURT OF
                        :        PENNSYLVANIA
       Appellant         :
                         :
                         :
      v.                  :
                         :
                         :
SOPHIA BROOKS            :    No. 790 WDA 2024

Appeal from the Order Entered June 6, 2024
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): LT-24-622


BEFORE: BOWES, J., OLSON, J., and BENDER, P.J.E.

CONCURRING OPINION BY BOWES, J.:    **FILED: September 25, 2025**

I fully agree with the learned Majority in all respects. I write separately to emphasize how essential it is to the functioning of our government that judges abide by the separation of powers established by our Constitution.

As our Supreme Court has observed in a variety of contexts, "courts should not lose sight of the respective roles of the General Assembly and the courts in terms of establishing public policy. In particular, it is the Legislature's chief function to set public policy and the courts' role to enforce that policy, subject to constitutional limitations." ***Program Admin. Servs., Inc. v. Dauphin Cnty. Gen. Auth.***, 928 A.2d 1013, 1017–18 (Pa. 2007). Our High Court has "often recognized the superior tools and resources available to the Legislature in making social policy judgments, including

comprehensive investigations and policy hearings." ***Seebold v. Prison Health Servs., Inc.***, 57 A.3d 1232, 1245 (Pa. 2012).

Turning specifically to the legislation at issue in this appeal, landlords and tenants obviously have competing interests that our General Assembly considered and weighed in enacting the provisions of the Landlord Tenant Act. As this Court has observed, that act "is a comprehensive regulatory scheme governing the landlord and tenant relationship. It sets up the procedure whereby a landlord may repossess the premises if he has a right to evict the tenant." ***Fraport Pittsburgh, Inc. v. Allegheny Cnty. Airport Auth.***, 296 A.3d 9, 18–19 (Pa.Super. 2023) (cleaned up). Indeed, we have observed that the statute provides "the sole source of rights, remedies and procedures governing the landlord/tenant relationship." ***Id***. at 19–20 (cleaned up).

To safeguard those rights, the General Assembly imposed specific time requirements applicable to the matter *sub judice*, which the Majority aptly detailed. ***See*** Majority Opinion at 10-11 (discussing, *inter alia*, 68 P.S. § 250.513(b)). The courts of this Commonwealth have long acknowledged that, "where an act of assembly commands an act to be performed within a certain time, the words employed are mandatory. It is not within the power of courts to waive or dispense with such legislation." ***Commonwealth v. Allied Bldg. Credits, Inc.***, 123 A.2d 686, 692 (Pa. 1956). ***See also Com. ex rel. Hughes v. Maryland Cas. Co.***, 74 A.2d 683, 685 (Pa.Super. 1950) ("Where a statute fixes the time within which an act must be done, courts

- 2 -

have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is necessary to justify an extension of time, or its equivalent, an allowance of the act *nunc pro tunc*." (cleaned up)).

The above makes it plain that the policy decisions our legislature made in crafting the Landlord Tenant Act's provisions governing the parties' respective rights to possession, and the strictures regarding the time for filing appeals, cannot be disregarded in favor of the personal beliefs of any particular jurist. When a judge ignores the clear mandate of a statute because he thinks the law is too harsh and wishes to do equity, he not only wastes the resources of the parties with a null order, he undermines the confidence of the people of this Commonwealth in the judiciary. Any temporary benefit the housing court judge may have conferred onto this particular tenant with his *ultra vires* stay is outweighed by the damage to the citizenry's faith in our system of government and the courts' role therein, which is especially grave at this time of heightened threats to the rule of law and to judicial independence.

Judge Olson and P.J.E. Bender join this Concurring Opinion.