J-S44041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| FEDERAL HOME LOAN CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED LOANS STRUCTURED TRANSACTION TRUST, SERIES 2018-2 | : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | No. 1350 EDA 2025 |
| SOLANGE K. SANCHEZ, DANIEL D. SANCHEZ, AND HOUSE OF SANCHEZ MINISTRY TR, A TRUST | : : : : : : | |
| APPEAL OF: SOLANGE K. SANCHEZ | : | |

Appeal from the Judgment Entered May 8, 2025
In the Court of Common Pleas of Monroe County Civil Division at No(s):
005924-CV-2024

BEFORE:  LAZARUS, P.J., DUBOW, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED MARCH 19, 2026**

Solange K. Sanchez ("Sanchez")[1] appeals, *pro se*, from the judgment entered May 8, 2025, in favor Federal Home Loan Corporation, as trustee for the beneficiary of the Freddie Mac Seasoned Loans Structured Transaction Trust, Series 2018-2 ("Appellee") in this mortgage foreclosure action. Because we conclude the trial court lacked jurisdiction to reconsider its denial

_____

[1] Defendants Daniel D. Sanchez and House of Sanchez Ministry, TR are not parties to the instant appeal.

of Sanchez's motion for leave to file a Rule 1925(b) statement *nunc pro tunc*, and because Sanchez did not file a timely Rule 1925(b) statement, we affirm.

We briefly note the following procedural history. In September 2024, Appellee filed a mortgage foreclosure action against Sanchez, alleging she had not made any payments on the subject property since April 2023. In December 2024, Sanchez filed an answer and new matter. In March 2025, Appellee filed a motion for summary judgment. Sanchez did not file a response to the motion, instead filing what she labeled a "brief." The trial court subsequently granted Appellee's motion for summary judgment.

On May 22, 2025, Sanchez filed a timely notice of appeal in this Court. That same day, the trial court directed Sanchez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) no later than June 12, 2025. Sanchez did not comply. Instead, on June 13, 2025, she filed a motion for leave to file her Rule 1925(b) statement *nunc pro tunc*. **See** Motion for Leave to File Concise Statement, 6/13/25, at 1-2 (unnumbered). Sanchez claimed she had been unable to file a timely Rule 1925(b) statement "[d]ue to unexpected personal hardship[.]" **Id**. at 1 (unnumbered). The trial court denied the motion and issued an opinion finding Sanchez had waived all issues on appeal because of her failure to timely comply with Rule 1925. **See** Trial Court Opinion, 6/17/25, at 1-3.

On June 26, 2025, this Court issued a rule to show cause as to why we should not dismiss the appeal because of Sanchez's failure to file a Rule

- 2 -

1925(b) statement. *See* Order, 6/26/25, at 1. We gave Sanchez fourteen days to file a response; she did not comply. *See id*; *see also* Order, 7/28/25 at 1.

On July 3, 2025, *while her appeal was still pending in this Court*, Sanchez filed a motion in the trial court seeking reconsideration of the court's denial of her motion to file her Rule 1925(b) statement *nunc pro tunc*. *See* Motion for Reconsideration, 7/3/25, at 1-2 (unnumbered). In that motion, Sanchez claimed, *for the first time*, that on the afternoon of June 12, 2025, she attempted to file her Rule 1925(b) statement but could not do so because the filing system was "inoperable." *Id*. at 1 (unnumbered). On July 7, 2025, the trial court scheduled a hearing on Sanchez's motion for July 14, 2025, despite the fact Sanchez's appeal was pending in this Court. *See* Order, 7/7/25, at 1-2 (unnumbered). After a hearing on July 14,[2] the trial court granted Sanchez's motion, and she immediately filed her Rule 1925(b) statement. *See* Order, 7/14/25, at 1 (unnumbered); Pa.R.A.P. 1925(b) Statement, 7/14/25, at 1-3 (unnumbered).

On July 28, 2025, we dismissed Sanchez's appeal because of her failure to comply with Pa.R.A.P. 1925 and the trial court's June 17, 2025, order denying Sanchez's motion to file the Rule 1925(b) statement *nunc pro tunc*.

_____

[2] The notes of testimony from the hearing are not contained in the certified record.

On July 29, 2025, the trial court authored a supplemental opinion. *See* Supplemental Statement Pursuant to Rule 1925(a), 7/29/25, at 1-6. The trial court did not address whether it had jurisdiction to rule on Sanchez's motion for reconsideration while her appeal was pending in this Court, nor did it find Sanchez had demonstrated good cause for her failure to file a timely Rule 1925(b) Statement. *See id*.

Thereafter, Sanchez filed an application seeking reinstatement of her appeal. *See* Motion, 7/28/25, at 1-4 (unnumbered). We reinstated the appeal but noted our ruling was not binding upon the merits panel. *See* Order, 8/22/25, at 1.

On appeal, Sanchez raises five issues challenging the trial court's grant of summary judgment in favor of Appellee. *See* Sanchez's Brief at 4 (unnumbered).

Prior to reaching the merits of Sanchez's appeal, we must determine whether the trial court had jurisdiction to entertain Sanchez's motion for reconsideration and overturn its prior decision to deny leave to file a Rule 1925(b) statement *nunc pro tunc*. Because a trial court's order pursuant to Rule 1925(b) triggers an appellant's obligation to comply with the rule, we initially evaluate whether the language in the trial court's order complied with Rule 1925(b). *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013).

Here, the trial court directed Sanchez to file and serve her concise statement "no later than June 12, 2025," directed her to both file the statement of record and serve it on the trial judge at a listed address, and expressly warned Sanchez "[a]ny issue not properly included in the statement timely filed and served pursuant to Pa.R.A.P. 1925(b) shall be deemed waived." Order, 5/22/25, at 1-2. Thus, the trial court's order fulfilled all the requirements of Rule 1925(b)(3).

This Court has long held an appellant's "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b)[,]" **including the failure to timely file a concise statement of errors**, "will result in **automatic waiver** of the issues raised." **Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (internal quotes and citations omitted; emphasis in original). Thus, "it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues." **Id**. at 225.

Despite this limitation on our ability to consider the merits of an untimely statement of matters complained of on appeal, Rule 1925 permits us to remand a civil case for the filing, *nunc pro tunc*, of a Rule 1925(b) statement: "[u]pon application of the appellant and for good cause shown, **an appellate court** may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement

and for a concurrent supplemental opinion." Pa.R.A.P. 1925(c)(2) (emphasis added). The Note following Rule 1925 clarifies *nunc pro tunc* relief is only available in limited circumstances:

> In general, *nunc pro tunc* relief is allowed only when there has been a breakdown in the process constituting **extraordinary circumstances**.[3] Courts have also allowed *nunc pro tunc* relief when "**non-negligent circumstances**, either as they relate to appellant or his counsel[,]" occasion delay. However, even when there is a breakdown in the process, the appellant must attempt to remedy it within a "very short duration" of time.

Note to Pa.R.A.P. 1925(b)(2) (citations omitted; emphases and footnote added).

Moreover, the Rules of Appellate Procedure strictly limit the actions a trial court may take following an appeal. The Rules provide "[e]xcept as otherwise prescribed by these rules, **after an appeal is taken** . . ., the trial court . . . may no longer proceed further in the matter." Pa.R.A.P. 1701(a) (emphasis added). The rule has exceptions, including a provision that, after an appeal, the trial court may "[t]ake any action directed or authorized by an appellate court." Pa.R.A.P. 1701(b)(5).

As noted above, in civil cases the Rules do not permit an appellant to ask the trial court for leave to file a Rule 1925(b) statement *nunc pro tunc* after an appeal has been taken. Instead, the Rules require an appellant to

---

[3] Such circumstances include fraud or the wrongful or negligent act of a court official. ***See In re Canvass of Absentee Ballots of Nov. 4, 2023 Gen. Election***, 843 A.3d 1223, 1234 (Pa. 2004).

ask *an appellate court* for such permission. **See** Pa.R.A.P. 1925(c)(2). Reading Rule 1925(c)(2) together with Rule 1701, leaves no doubt that trial courts lack jurisdiction in civil cases to entertain motions for leave to file Rule 1925(b) statements *nunc pro tunc* once an appeal is taken. **Only appellate courts have such jurisdiction**. If a proper application is filed with an appellate court which demonstrates good cause, an appellate court may grant *nunc pro tunc* relief to permit an appellant to file a concise statement with the trial court and for the trial court then to file a supplemental opinion. **See** Pa.R.A.P. 1925(c).

Here, Sanchez filed a notice of appeal, the trial court ordered her to file a Rule 1925(b) statement by a specific date. However, Sanchez filed an untimely motion for leave to file her Rule 1925(b) statement *nunc pro tunc* in the trial court, and the court denied the motion. This Court ordered Sanchez to show cause as to why her appeal should not be dismissed for failure to comply with Pa.R.A.P. 1925(b), and Sanchez failed to respond to our order. Instead, Sanchez filed a motion *in the trial court* for leave to file a Rule 1925(b) statement *nunc pro tunc*, not an application in this Court demonstrating good cause to request that we remand for the filing of a *nunc pro tunc* statement. Despite this, the trial court granted reconsideration, allowed Sanchez to file a *nunc pro tunc* statement, and issued a supplemental Rule 1925(a) statement.

The trial court violated Rules 1701 and 1925 and acted beyond its jurisdiction by entertaining Sanchez's initial motion for leave to file her Rule 1925(b) statement *nunc pro tunc*, and by hearing and granting Sanchez's motion for reconsideration while her civil appeal was pending in this Court. Thus, the trial court's order granting reconsideration is a legal nullity and we concluded Sanchez waived all issues on appeal by failing to file a timely Rule 1925(b) statement.[4]

We acknowledge Sanchez is proceeding *pro se* in this matter.

> Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the

_____

[4] Even if Sanchez had filed an application in this Court, she has not demonstrated either non-negligent or extraordinary circumstances that would support a grant of *nunc pro tunc* relief by this Court. As noted above, in her first motion for leave to file a statement *nunc pro tunc*, Sanchez vaguely alluded to personal hardships prevented her from filing a timely Rule 1925(b) statement. Then, for the first time in her motion for reconsideration, Sanchez alleged she attempted the file her statement on the afternoon of June 12, 2025, but was unable to do so because of problems with the court's filing system. Sanchez did not attach any exhibits to her petition to support her claim and as noted above, did not have the notes of testimony from the reconsideration hearing transcribed. Additionally, in its supplemental opinion, the trial court did not point to any objective evidence supporting Sanchez's suggestion of a breakdown at the trial court and simply noted her testimony "the system did not allow to file [her statement]." Thus, it is not clear whether the system was experiencing technical problems or Sanchez did not use it correctly. In any event, technical problems are foreseeable and Sanchez has not provided any explanation as to why she waited until the latest possible moment to attempt to file her Rule 1925(b) statement. Albeit in slightly different circumstances, this Court has not found good cause to excuse a late filing in these circumstances. **See Lobos Management v. Powell**, 330 A.3d 438, 444 (Pa. Super. 2025) (*pro se* litigant did not show good cause for filing an untimely notice of appeal from a magisterial district justice proceeding where she alleged confusion and personal hardships).

procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

***Smithson v. Columbia Gas of PA/NiSource***, 264 A.3d 755, 760 (Pa. Super. 2021) (citations and brackets omitted).

Therefore, we are constrained to find Sanchez waived her issues on appeal by failing to file a timely concise statement pursuant to Pa.R.A.P. 1925(b) after being ordered to do so by the lower court.  Thus, we may not review the merits of her arguments and must affirm the entry of judgment.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2026